UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PATRICIA A. FOX,

                    Plaintiff,

            -vs-

THE COUNTY OF YATES,
SHERIFF RONALD G. SPIKE, both individually and
      in his official capacity,
UNDERSHERIFF JOHN C. GLEASON, both
      individually and in is his official capacity, and
LIEUTENANT CLAY RUGAR, both individually
      and in his official capacity as Jail
      Administrator of the Yates County Jail,

                    Defendants.

---

**ATTORNEY AFFIDAVIT IN
SUPPORT OF MOTION TO
DISMISS COMPLAINT**

Civil Action No.: 10-cv-6020(T)

STATE OF NEW YORK      )

COUNTY OF ERIE         )  SS.:

**MATTHEW C. VAN VESSEM,** being duly sworn, deposes as follows:

1.      I am an attorney duly admitted to practice in this Court and before all the courts of the

State of New York.  I am a partner with Jaeckle Fleischmann & Mugel, LLP, attorneys

for Defendants The County of Yates, Sheriff Ronald G. Spike, individually and in his

official capacity, Undersheriff John C. Gleason,  individually and in his official capacity,

and Lieutenant Clay Rugar, individually and in his official capacity as Jail Administrator

of the Yates County Jail (hereinafter collectively "Defendants").  As such, I am familiar

with the facts and circumstances set forth herein based on review of the complaint and

documents discussed therein relevant to this matter, and this affidavit is based on that knowledge.

2.    I submit this affidavit in support of Defendants' motion requesting an Order to be granted, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing all claims by Plaintiff Patricia A. Fox ("Plaintiff") in the above referenced action.

3.    By Order of this Court, Defendant's time to answer, appear or move, has been extended by Stipulation of the parties to March 9, 2010.

## PLAINTIFF'S COMPLAINT

4.    On or about January 25, 2010, Plaintiff filed a complaint with this Court against Defendants.

5.    Plaintiff's complaint sets forth five separate causes of action against Defendants.

6.    Plaintiff discusses events that form the gravamen of the complaint in paragraphs 10-39. Those paragraphs and others thereafter allege the factual underpinnings of Plaintiff's causes of action in this matter.

7.    The essence of Plaintiff's complaint is that Defendants retaliated against her for being a "whistleblower" in connection with alleged wrong-doing which she observed at the Yates County Jail and which she reported to Defendants. Complaint, ¶¶30, 37 and 39.

8.    Plaintiff's basis for retaliation is predicated on Defendants' alleged denial of overtime owed to Plaintiff for hours she worked in the late summer and early fall of 2007.

9.     It is permissible for this Court to review documents referenced and incorporated into the complaint by reference as they are integral to the claims herein.  Additionally, this Court may review documents which are known to Plaintiff.

10.    The relevant documents to this action, as incorporated by reference, all of which are integral to Plaintiff's Complaint, are: (1) General Order GO-8-96 (a copy of which is attached hereto as **Exhibit "A"**); (2) time cards for the periods in question (copies of which are attached hereto as **Exhibit "B"**); (3) Section 75 CSL Hearing and/or Report, dated July 2, 2009 (a copy of which is attached hereto as **Exhibit "C"**); and (4) relevant portions of Plaintiff's testimony from the §75 hearing (a copy of which is annexed hereto as **Exhibit "D"**).

11.    Please be advised that Defendants are only attaching relevant portions of Plaintiff's testimony in the §75 hearing as such portions relate to the facts set forth in the Complaint.  However, should the Court require, the entire transcript is available.

12.    Claims raised in the instant complaint fail to state a claim upon which relief may be granted.  As such, for reasons set forth below and stated in the accompanying memorandum of law, it is respectfully requested that this Court dismiss the instant complaint.

13.    In the first cause of action of Plaintiff's complaint, Plaintiff alleges that the County of Yates violated the Fair Labor Standards Practice Act ("FLSA") in failing to pay Plaintiff overtime which she worked.  Plaintiff brings this claim seeking redress and remedies under 42 U.S.C. §1983.

14.    As a matter of law, 42 U.S.C. §1983 does not provide a cause of action for an FLSA claim. Accordingly, Plaintiff's first cause of action must be dismissed.

15.    In the second cause of action of Plaintiff's complaint, Plaintiff again seeks redress under §1983, alleging malicious prosecution. This claim is based upon Plaintiff's assertion that Defendants "conspired to use the…illegal policy (obtaining written approval for overtime worked) to terminate Plaintiff." Complaint, ¶ 52.

16.    Plaintiff claims she worked "overtime" for the following dates in 2007: August 16-17, September 3-4, September 17, and September 27. Complaint, ¶54

17.    Plaintiff admits that she did not seek Sergeant approval, as required by the overtime policy, for the overtime at issue in this case. Complaint, ¶56.

18.    Plaintiff fails to include in her Complaint that for the days in question, Plaintiff believed that she had worked overtime in excess of what was actually recorded. *See* Exhibit E, at 297-298, 305-307, 309-311 Furthermore, regarding certain overtime worked for the days in question, Plaintiff did, in fact, seek Sergeant approval. *Id.* Plaintiff was investigated, and ultimately prosecuted, because she took it upon herself to add an additional half-hour of overtime to her time cards after she had the appropriate Sergeant approve the overtime. At no time after she added the additional overtime hours did Plaintiff seek out a Sergeant for approval. Exhibit E, 298:14:20; 305:21-25, 306:2; 311:5-9.

19.    Prior to seeking any charges against Plaintiff, Defendants did copy Plaintiff's time cards. Complaint, ¶52. Contrary to Plaintiff's assertions, this was to investigate discrepancies in the overtime requests submitted by Plaintiff.

4

20.   As evidenced by the copies of the time cards (Exhibit B), there are two copies of each
      time card for the period in question. For example, for the pay period ending August 25,
      2007, the time card was copied after the Sergeant on duty approved the overtime on the
      card, as evidenced by the initials. Exhibit B, page 2. The time card was copied again
      after it was submitted by Plaintiff for payroll processing. Exhibit B, page 1. As
      illustrated in the documents, at the time the Sergeant approved the overtime, the
      additional half hour was not present.

21.   In late 2007, Defendants advised Plaintiff that both criminal and administrative action
      would be taken as a result of the alterations to the time cards. Exhibit C.

22.   The administrative action was a hearing pursuant to §75 of the New York Civil Service
      Law (hereinafter "CSL §75").

23.   The criminal matter, stemming from Plaintiff's unauthorized addition of time to her time
      cards, went before the Yates County Grand Jury. Plaintiff states in her Complaint that she
      "requested the right the right to appear and testify before the Yates County Grand Jury."
      Complaint, ¶ 68.

24.   The Grand Jury indicted the Plaintiff on or about April 11, 2008. Exhibit C, p. 3.

25.   Having been indicted by the Grand Jury, there is a presumption of probable cause which
      precludes a claim for malicious prosecution.

26.   Plaintiff's Complaint does not rebut the presumption of probable cause in that she alleges,
      in conclusory fashion, that she was indicted because the Grand Jury was "mislead".

Complaint, ¶69. Plaintiff fails, however, to articulate what actions Defendants undertook to mislead the Grand Jury.

27.    Plaintiff also asserts that she is entitled to relief for malicious prosecution under §1983 because Defendants pursued administrative proceedings CSL §75 after she was acquitted at trial. Complaint, ¶¶74-76.

28.    Significantly, the CSL §75 hearing was originally scheduled to proceed before the criminal trial. Exhibit C. However, it was the Plaintiff, by letter dated January 17, 2008, who adjourned the CSL §75 hearing until after the criminal proceedings concluded. Exhibit C, p. 3. Furthermore, the charges in the CSL §75 hearing were different than those of the criminal proceeding. Exhibit C.

29.    Notably, the criminal proceedings and the CSL §75 hearing are not the same nor is the burden of proof the same.

30.    Plaintiff testified at the CSL §75 hearing.

31.    Ultimately, Plaintiff was found guilty of three charges brought against her in the CSL §75 hearing. Exhibit C.

32.    A claim for malicious prosecution may only lie where there is a Fourth Amendment implication. As such, administrative proceedings, which do not implicate the Fourth Amendment, do not give rise to redress under §1983.

33.    Plaintiff's claim for malicious prosecution fails, as a matter of law, to state claim, therefore it must be dismissed.

34.   The third cause of action of Plaintiff's Complaint is for personal liability against Defendants Spike, Gleason and Rugar.  This cause of action is derived from the Plaintiff's first and second causes of action and should therefore be dismissed, as both causes of action are without basis in law.

35.   The fourth cause of action of Plaintiff's Complaint is for redress under 42 U.S.C §1985 for alleged witness intimidation as part of Plaintiff's state court trial and administrative proceedings.

36.   42 U.S.C. §1985(2) only applies to claims of witness intimidation in actions before a "court of the United States"-i.e. an Article III court or another court created by an act of Congress.

37.   Plaintiff's §1985 claim must be dismissed as a matter of law as the underlying tribunals giving rise to the claim were not a "court of the United States".

38.   The fifth cause of action of Plaintiff's Complaint seeks redress under 42 U.S.C. §1983 for gender discrimination in violation of the Equal Protection clause of the Fourteenth Amendment.  This claim, too, fails to state a cause of action.

39.   Plaintiff's fifth cause of action is comprised of sweeping, non-specific generalities which do not meet the pleading requirements articulated by the United States Supreme Court, as is fully discussed in the accompanying memorandum of law.

40.   Significantly, Plaintiff asserts in broad, sweeping statements that: "at all relevant times, female employees were systematically scheduled" for work assignments on "visitation

days, weekends, holidays, Super Bowl Sundays, opening day of deer hunting season, etc." (Complaint, ¶102); that "female employees" were denied promotion (Complaint, ¶103); and that "[o]nly male deputies were permitted the drive the inmate transport vehicles," (Complaint, ¶ 105).

41.    At no point, however, does Plaintiff allege in any manner how <u>she</u> was treated differently than those similarly situated.

42.    Indeed, Plaintiff herself alleges, she was not treated differently because she was a woman, rather she was treated differently because she was a "whistleblower". Complaint ¶¶30, 37, and 39.

43.    42 U.S.C. §1983 provides redress for someone who was treated differently because they belonged to a "protected class", i.e., a class based upon an immutable characteristic such as race, gender or ethnicity.

44.    A "whistleblower" does not fall into any such protected class.  To the extent that being a "whistleblower" may fall under activity protected under a "class of one" theory, Plaintiff, as a public employee, is precluded from bringing such a claim.

45.    Since Plaintiff's fifth cause of action fails to state a claim, it must be dismissed.

46.    Additionally, Defendants, as government employees acting within the scope of their employment, are entitled to qualified immunity.

47.    Finally, it should be noted that at no time has Plaintiff been terminated from her employment with the Yates County Sheriff's Department. Exhibit C. In fact, Plaintiff returned to work on August 12, 2009. *Id.*

WHEREFORE, for all the foregoing reasons, and further based upon the supporting law and argument set forth in the accompanying Memorandum of Law, Defendants respectfully request that this Court grant an order dismissing with prejudice all claims by Plaintiff in this action, together with such other, further and different relief as the Court deems just and proper.

_____
MATTHEW C. VANVESSEM

Subscribed and Sworn to before me
this 9th day of March, 2010

_____
Notary Public

**BEVERLEY S. BRAUN**
Notary Public State of New York
Qualified in Erie County
My Commission Expires April 7th 20 *12*

9

## CERTIFICATE OF SERVICE

I, Matthew C. Van Vessem, do hereby certify that I am one of the attorneys for Defendants The County of Yates, Sheriff Ronald G. Spike, both individually and in his official capacity, Undersheriff John C. Gleason, both individually and in his official capacity, and Lieutenant Clay Rugar both individually and in his official capacity as Jail Administrator of the Yates County Jail in Civil Action No. 10-cv-6020(T) and that on March 9, 2010, I electronically filed a copy of a Notice of Motion to Dismiss Complaint, Affidavit in Support of Motion to Dismiss and Memorandum of Law with the Clerk of the United States District Court for the Western District of New York using the CM/ECF system, which sent notification of such filing to me and to:

Anthony J. LaDuca Esq.
LaDuca Law Firm, LLP
*Attorneys for Plaintiff*
125 State Street, Suite 400
Rochester, New York 14614
Telephone: (585) 454-1000
E-mail: laduca2@rochester.rr.com

 

 

Matthew C. Van Vessem, Esq.
JAECKLE FLEISCHMANN & MUGEL, LLP
*Attorneys for Defendants*
12 Fountain Plaza
Buffalo, New York 14202-2292
Telephone: (716) 843-3871
Facsimile: (716) 856-0432
E-mail: mvanvessem@jaeckle.com

1008751