# EXHIBIT "A"

# YATES COUNTY SHERIFF'S OFFICE

## PENN YAN, NEW YORK 14527

# GENERAL ORDER

| ISSUE DATE | EFFECTIVE DATE | PAGE OF | NUMBER |
|---|---|---|---|
| October 23, 1998 | October 30, 1998 | One two | GO-8-96 |

| REFERENCE(S) | AMENDS | RECINDS |
|---|---|---|
| ----------- | GO-8-96 of 7/26/96 | D-36-97 |

| SUBJECT | DISTRIBUTION |
|---|---|
| Overtime/Call-Back Work/ Off-The-Clock Work | All YCSO Personnel |
| | ISSUED BY SHERIFF *Ronald G. Spike* |

## Policy

The YCSO shall establish a policy relating to overtime, call-back work (O/CB) and off-the-clock work that shall ensure proper and timely compensation for time worked in an official capacity beyond normal working hours.  Members shall be guided by specific guidelines that provide fiscal reliability and formal accountability relating to overtime, call-back and off-the-clock work activities.  Such guidelines shall not be in conflict with the YCDSA contract or other appropriate labor-related negotiated agreements or statutes, rules or regulations.

## Procedures

I.  Overtime/Call-Back Work

1.  It shall be the obligation and responsibility of each YCSO member to perform in a manner to ensure against abuse of O/CB and to comply with the procedures outlined in this order.

2.  Members below the rank of sergeant (including civilian employees) shall document all O/CB on the member's standard time card.  In addition, an explanation code and complaint number (if applicable) shall be noted on the card. The appropriate shift supervisor shall initial the approval/disapproval of such on the card.

3.  Commanding Officers/Division Supervisors, Sergeants, and Criminal Investigators shall document all O/CB on the member's standard time card.  In addition, an explanation code and complaint number (if applicable) shall be noted on the card.

GO-8-90
Overtime/Call-Back Pay/
Off-The-Clock Work
Page 2 of 2

(con't.)

4.  All time cards are subject to review and clarification by a member's supervisor or higher agency authority.

5.  The Assistant to the Sheriff (ATS) shall review time cards and prepare payroll sheets to be signed by the Sheriff for delivery to the Yates County Treasurer and Civil Service Commission.  Time card records and payroll certifications shall be maintained by ATS, who shall record and report periodically to the Sheriff the reasons for O/CB.  ATS shall prepare other related reports as required.


II. Off-The-Clock Work

1.  The Fair Labor Standards Act (FLSA) provides for compensation of off-duty work providing such work *exceeds de minimus* (i.e., minor or trivial).  Employers are required to keep accurate records of such work. Therefore, non-exempt employees performing such work shall document this on either form Off The Clock Work (Phone Calls) or Off the Clock Work (Other Than Phone Calls), as may be appropriate.  Such work will not be recorded on the time card.  The immediate pay period for which compensation is being sought must be recorded, as well as how many pages of each form are being completed.  These need to be filed with the ATS at the conclusion of each pay period if compensation is sought. Supplies of both forms will be available in the Road Patrol Office.

# EXHIBIT "B"

**⊞ Simplex**

NAME  C.O. P. Fox                    3M36

PAY PERIOD ENDING    8/25/2007

| R.T. HOURS | RATE | AMOUNT | SOC. SEC. TAX | NO. OF EXEMPTIONS |
|---|---|---|---|---|
| O.T. HOURS | RATE | AMOUNT | MED. TAX | TOTAL EARNINGS |
| HOURS | | AMOUNT | FED. W.T. | TOTAL DEDUCTIONS |
| | | BONDS | CITY/ST. W.T. | BALANCE DUE |
| | | | STATE U.C. | |

**DAILY TOTALS**
R.T. Hours   O.T.

P.↑
10-2-07
3:07 PM

8 hrs Aug.
VAC. 13th          8

AUG 14  1435      8
AUG 14  2500
AUG 15  1447      8
AUG 15  2358
AUG 16  1431      8    7½
AUG 17  0558
AUG 18  1951      8
AUG 18  2351

(7½) hrs ot
into pAy

**TOTAL HOURS SHOWN IS CORRECT**          Signature

1950-9203   © SIMPLEX TIME RECORDER CO.,          1-800-626-6206

EXHIBIT
Joint 1/29/09
5   BMN



PEOPLE'S
EXHIBIT
18
CH 14  12/8/08

**ℷ Simplex**

NAME _C.O. P. Fox_     3M36 NO.

PAY PERIOD ENDING     8/25/2007

| R.T. HOURS | RATE | AMOUNT | SOC. SEC. TAX | NO. OF EXEMPTIONS |
|---|---|---|---|---|
| O.T. HOURS | RATE | AMOUNT | MED. TAX | TOTAL EARNINGS |
| HOURS | | AMOUNT | FED. W.T. | TOTAL DEDUCTIONS |
| | | BONDS | CITY/ST. W.T. | BALANCE DUE |
| | | | STATE U.C. | |

| | DAILY TOTALS | |
|---|---|---|
| | R.T. Hours | O.T. |
| 8 hrs Aug. VAC. 13th | 8 | |
| AUG 14  1435  AUG 14  2300 | 8 | |
| AUG 15  1047  AUG 15  2258 | 8 | |
| AUG 16  1031  AUG 17  0548 | 8 | 7 |

**TOTAL HOURS SHOWN IS CORRECT**      Signature

1950-9203  © SIMPLEX TIME RECORDER CO.     1-800-826-6206

NAME     C.O. P. Fox     3M36   NO.

PAY PERIOD ENDING     9/8/2007

| R.T. HOURS | RATE | AMOUNT | SOC. SEC. TAX | NO. OF EXEMPTIONS |
| O.T. HOURS | RATE | AMOUNT | MED. TAX | TOTAL EARNINGS |
| HOURS | | AMOUNT | FED. W.T. | TOTAL DEDUCTIONS |
| | | BONDS | CITY/ST. W.T. | BALANCE DUE |
| | | | STATE U.C. | |

**DAILY TOTALS**
R.T. Hours O.T.

Lt Roger —

I made a copy of

CO. Fox's time card on

9-5-07.

Sgt chdl #

P.J.

10-2-07

3:07 PM

| | | | |
|---|---|---|---|
| | SEP 07 | | 8 |
| | SEP 07 | | 8 |
| | SEP 07 | | 8 4 |
| | SEP 08 | | 8 |
| | SEP 08 | | |

TOTAL HOURS SHOWN IS CORRECT     Signature

1950-9203 © SIMPLEX TIME RECORDER CO.,     1-800-626-5206



EXHIBIT
Joint 1/29/09
6 BMN



PEOPLE'S
EXHIBIT
19
COPS 12/8/08

GRAND JURY
EXHIBIT

RECEIVED AT OFFICE ON

2007 SEP -9 A 3: 28

YATES COUNTY SHERIFF

Lt Rugar

When I signed this over time
there was only 4hrs written
in. Now it says 4½ hrs.

Sgt Aaron.

PAY PERIOD ENDING    9/8/2007

| F.T. HOURS | RATE | AMOUNT | SOC. SEC. TAX | NO. OF EXEMPTION |
| O.T. HOURS | RATE | AMOUNT | MED. TAX | TOTAL EARNINGS |
| HOURS | | AMOUNT | FED. W.T. | TOTAL DEDUCTIONS |
| | | BONUS | CITY/ST. W.T. | BALANCE DUE |
| | | | STATE U.C. | |

**DAILY TOTALS**
F.T. Hours O.T.

SEP 02    8
SEP 02
SEP 03    8   4½
SEP 04    8
SEP 04    8
SEP 05    8
SEP 05    8
SEP 06    8
SEP 06    8
SEP 08    8
SEP 08

12½ hrs ot
into pay

TOTAL HOURS SHOWN IS CORRECT    Signature

1950-9203  © SIMPLEX TIME RECORDER CO.,    1-800-628-0208

Ⓢ Simplex    3M36

NAME
PAY PERIOD ENDING    9/22/2007

| R.T. HOURS | RATE | AMOUNT | SOC. SEC. TAX | NO. OF EXEMPTIONS |
|---|---|---|---|---|
| O.T. HOURS | RATE | AMOUNT | MED. TAX | TOTAL EARNINGS |
| HOURS | | AMOUNT | FED. W.T. | TOTAL DEDUCTION |
| | | BONUS | CITY/ST. W.T. | BALANCE DUE |
| | | | STATE U.C. | |

DAILY TOTALS
R.T. Hours O.T.

RECEIVED AT OFFICE ON
2001 SEP 22  A 12: 42
YATES COUNTY SHERIFF

P.H
10-2-07
3:07PM

SEP 15    8   4
SEP 16    8   4
SEP 17    8   4
SEP 18    8
SEP 19    4
SEP 20    8
SEP 21    8   4

(16½)hrs overtime
into pay

TOTAL HOURS SHOWN IS CORRECT    Signature

1950-9203  © SIMPLEX TIME RECORDER CO.    1-800-626-6206

EXHIBIT
Joint 1/29/09
7  BMN



PEOPLE'S
EXHIBIT
20 W
ABH  12/8/08

GRAND JURY
EXHIBIT

NAME                                    No.

PAY PERIOD ENDING          9/22/2007

RECEIVED AT OFFICE ON

2007 SEP 20  A 12: 09

YATES COUNTY SHERIFF

| R.T. HOURS | RATE | AMOUNT | SOC. SEC. TAX | NO. OF EXEMPTIONS |
|---|---|---|---|---|
| O.T. HOURS | RATE | AMOUNT | MED. TAX | TOTAL EARNINGS |
| HOURS | | AMOUNT | FED. W.T. | TOTAL DEDUCTIONS |
| | | BONDS | CITY/ST. W.T. | BALANCE DUE |
| | | | STATE U.C. | |

DAILY TOTALS
R.T. Hours O.T.

SEP 14    __    8    4    6A
SEP 14    __    
SEP 17    __    8    4    18
SEP 17    __    
SEP 18    __    8    4
SEP 18    __    
SEP 19    __    
SEP 19    __    4    6

TOTAL HOURS SHOWN IS CORRECT          Signature

1950-9203    © SIMPLEX TIME RECORDER CO.,          1-800-628-6206

Simplex

NAME  C.O. P. Fox            3M36
                            NO.
PAY PERIOD ENDING  10/6/2007

| R.T. HOURS | RATE | AMOUNT | SOC. SEC. TAX | NO. OF EXEMPTIONS |
|---|---|---|---|---|
| O.T. HOURS | RATE | AMOUNT | MED. TAX | TOTAL EARNINGS |
| HOURS | | AMOUNT | FED. W.T. | TOTAL DEDUCTIONS |
| | | BONDS | CITY/ST. W.T. | BALANCE DUE |
| | | | STATE U.C. | |

|  |  | DAILY TOTALS |
|---|---|---|
|  |  | R.T.  Hours  O.T. |

8 hrs Comp    8
9-24-07

SEP 23  1438        8
SEP 23  2401

SEP 26  1118        8
SEP 25  2256

SEP 26  1134        8
SEP 26  2400

SEP 27  1131        8  4
SEP 27  2257

**TOTAL HOURS SHOWN IS CORRECT**          Signature

1950-2203  © SIMPLEX TIME RECORDER CO.        1-800-628-8206

P.F.
10-2-07
3:07PM

RECEIVED AT OFFICE ON
2007 SEP 28  P 1: 22
YATES COUNTY SHERIFF



EXHIBIT
Joint 1/29/09
8  BMN



PEOPLE'S
EXHIBIT
210
CMH 12/8/08



YATES COUNTY SHERIFF

2007 SEP 29 P 11:41

RECEIVED AT OFFICE ON

# EXHIBIT "C"

## YATES COUNTY SHERIFF'S OFFICE
227 Main Street, Penn Yan, NY
315-536-5172

Date: July 2, 2009

To: Yates County Personnel Officer

### Section 75 CSL HEARING AND/OR REPORT per Sub. 2&3

<u>Employee</u>: **Patricia A. Fox**    Rank: Correction Officer

<u>Hearing Date</u>: January 29 and February 4, 2009    Location: YCPSB –Training Room

<u>Hearing Officer (H.O.) duly appointed by Sheriff</u>: Attorney Kelly A. Gilman

<u>Agency Attorney presenting case</u>: Robert L. Gosper, Esq.

<u>Employee Attorney</u>: John & Anthony LaDuca    Steno: Computer Reporting Service

<u>Proposer of disciplinary notice/charges</u>: Lt. Clay Rugar and Undersheriff John Gleason.

<u>Synopsis of charge allegations</u>:
*It is alleged that during the weeks of the pay periods ending on August 25, 2007, September 8, 2007, September 22, 2007 and October 6, 2007 that false entries were made by Officer Fox on official YCSO time cards claiming overtime work which she did not work thus claiming financial compensation she was not entitled to. Such conduct constitutes crimes of petit larceny and falsifying business record, and actions contrary to several agency rules, regulations and policy.*

<u>CHARGES FILED</u>:
**Charge #1** RULES OF CONDUCT – CB-03-03-00 I (1.1) <u>OBEDIENCE TO LAWS</u>
    TO WIT: Falsifying a Business Record and petit larceny.

**Charge # 2** RULES OF CONDUCT – CB-03-03-00, II (2.3) <u>REPORTING FOR DUTY</u>
    TO WIT: On at least four different dates, Thursday Aug 16, 2007 1431 – 0558 hours, Monday Sept 3, 2007 1441 – 0306 hours, Monday Sept 17 1436 – 0252 hours, and Sunday Sept 23, 2007 1438 – 2302 hours, you did claim to present yourself for duty at a time and place that you were not specified or otherwise directed to do so.

**Charge #3:**
GENERAL CONDUCT – CB-03-03-00, IV. (4.3), <u>TRUTHFULLNESS</u>
    TO WIT:  that on the above mentioned dates and times you were not truthful in your speech and / or writing, whether under oath or not, regarding any and all agency related matters in that you asked your supervising Sergeant to sign your time card as required by GO-8-96 OVERTIME / CALL-BACK WORK / OFF-THE-CLOCK WORK and

then did alter your time from the original time in order to receive compensation for hours not actually worked.

**Charge #4:**
GENERAL CONDUCT – CB-03-03-00, IV. (4.31), <u>RECORDS</u>
     TO WIT: that on the above mentioned dates and times you did alter or in any way change or modify any official agency-related record except in accordance with appropriate law and authoritative instruction by altering, changing and/or modifying your time cards from their original time in order to receive compensation for hours not actually worked.

**Charge #5:**
REPORTS – CB-03-03-00, V. (5.1) <u>ALTERING OR REQUESTING ALTERATION OF REPORT</u>
     TO WIT:  members shall not alter or request any person to alter or withdraw any report, letter request or other written communication that is being transmitted up or down the chain of command. That on the above mentioned dates and times you did alter your time cards by adding more time than you had requested for your supervisors approval thus resulting in your receiving monetary benefits for time you had not worked.

**Charge #6:**
REPORTS – CB-03-03-00, V. (5.2) <u>FALSE REPORTS</u>
     TO WIT: members shall not falsely make or submit any type of official report or knowingly enter or cause to be entered any inaccurate, false or improper information into the official records of this agency and that on the above mentioned dates and times you did submit you time cards with inaccurate, false or improper information by altering your time and receiving credit (monetary benefits) for time did not work.

<u>Administrative action relevant history</u>:
10-02-2007 – Notice of charges filed by Lt. Rugar for failing to obey laws, ordinances, rules and regulations of Correction Bureau policy regarding pay periods ending 8/25/07 through 10/6/07 for falsifying time cards, etc. Officer Fox was suspended from duty WITH PAY.

10/18/07 – Formal Notice and statement of charge #1 filed by Undersheriff Gleason for disobedience to laws, ordinances or rules/regs of Correction Bureau policy (CB-03-03-00, I (1,1) regarding pay periods ending 8/25/07 through 10/6/07 for falsifying time cards, etc.– The noticed proposed a <u>dismissal from service</u>. Suspension WITH PAY continued and Fox given eight days to answer charges.

10/25/07 – written reply from Fox to Sheriff received. It was dated 10/22/07 acknowledging she received the charges on 10/19/07 and that she requests a Section 75 hearing.

10/30/07 letter from Sheriff to Fox setting hearing date of 11/20/07 and appointing Attorney Kelly Gilman of Canandaigua, NY as the Hearing Officer. Fox advised in writing that SUSPENSION WITH PAY continued unless the hearing post phoned by her and if so, then the status would revert to without pay status.

01/03/08 letter to Fox by Sheriff. Additional Section 75 charges filed against her #2 - 6 by Lt. Rugar for agency rule violations. Hearing scheduled for January 22, 2008. Her status remained WITH PAY suspension. Notice again that should she request that hearing be post phoned or scheduled at a date after Jan 22, 2008 that her status would then revert to WITHOUT PAY until the matter is administratively resolved.

01/17/08 dated letter from Fox to Sheriff stating: *"I am requesting to have my Article 75 hearing that is scheduled for January 22, 2008, postponed until my criminal charges have been dealt with and my health is better. On January 14th 2008 I underwent heart surgery and I would like a couple of weeks to recuperate. Please let me know as soon as possible of your decision and thank you for your time.*

01/23/08 in respect to Fox's own request to postpone the Sheriff honored and changed her status as previous notice given to suspension WITHOUT PAY.

12/13/08 – Information and belief that Grand Jury indicted 4/11/08 and her criminal trail ended in acquittal this December date.

01/05/09 – Sheriff not hearing anything nor any contact from Officer Fox or representative proceeded with reappointment of Hearing Officer Gilman setting a Section 75 CSL hearing date for 1/21/09 and sent notices. A certified letter sent to Fox outlining status and charges etc, and setting the 1/21/09 date. Suspension WITHOUT PAY continued. Subsequently her Attorney sought adjournments from the Hearing Officer. Case adjourned with consent of the Hearing Officer for January 29, 2009.

01/29/09 and again on 02/04/09 dates the hearing took place.

04/09 – Attorneys filed briefs with Hearing Officer during April.

06/15/09 – Hearing Officer renders decision and recommendation.

## HEARING DETERMINATION

The H.O. decision dated and signed June 15, 2009 (four pages attached) was received officially by this office via mail June 17, 2009. H.O. dismissed Charge #1 due to criminal trial acquittal. Charge #2 & #3 dismissed as outlined. Charge #4 # 5 # 6 sustained, thus determined guilty and that employee did violate agency policy on these charges. The H.O. determined penalty recommendation to be thirty days without pay with credit for any period of suspension without pay.

## ORDERED,

Penalty for guilty charges: For Charge #4 Records violation; Charge #5 Alter a Report violation; and Charge #6 False Report violation. Shall be sixty day suspension without pay effective June 15, 2009 (date of decision) and ending August 11, 2009.

Back pay issue: Facts show that the suspension WITH PAY continued for approximately sixteen weeks from October 2, 2007 through January 22, 2008 where Officer Fox although not working received full salary. Officer Fox under notice that the status would change to without pay did request in writing the postponement of the scheduled hearing. This request was honored by Sheriff, and the WITHOUT PAY status commenced. Officer Fox chose this condition as the administrative hearing was ready to proceed. Upon the conclusion of the criminal trial, contrary to Officer Fox's previous letter, made no attempt to contact the Sheriff for the administrative hearing schedule. Sheriff did give notice and established administrative hearing date that was again postponed by her legal counsel and new date established. Back pay during the without pay suspension period is denied.

Employment: Employee Officer Patricia Fox ordered to return to and report for duty 10:00 AM, August 12, 2009 at the Yates County Jail.

Attested to this 2nd day of July 2009

_(signature)_
Sheriff of Yates County

---

*NOTICE*
*Appeals from determination in disciplinary charges are outlined in Section 76 of the NYS Civil Service Law with provision for application in 20 days to Civil Service/Personnel Officer, or by provisions of Art. 78 of NYS CPLR.*

---

*Attached for Personnel Officer only: Copy of charges, written answer thereto, Hearing Officer written determination, and transcript.*

CC: C.O. Patricia Fox
    LaDuca Law Firm, LLP
    Robert Gosper, Esq.
    Bernetta Bourcy, Co. Atty.

# EXHIBIT "D"

P. Fox - CX                              297

sergeant's slot if you have overtime?

A    Uhm-uhm.

Q    So you leave a little bit before six on
August 17th and you put it in the sergeant's slot
because they have to initial your overtime, correct?

A    Correct.

Q    So that's initialed, that seven hours,
correct?

A    Correct.

Q    And then at some point before the cards are
collected you add an additional half hour, correct?

A    At the end of the week when I finalize my
time card I get my little notebook over there and I
wrote down like when Bruce Pinnio handed me the keys
early.

Q    Okay.  But didn't you know that on the day
you were there that he handed you the keys early?

A    Yeah.

Q    So when you were working the 16th over to the
17th you already knew that you worked an extra half
hour overtime?

A    Correct.

Q    All right.  So you knew when you left work
that next morning a little before six when you put the

P. Fox - CX                              298

card in the sergeant's box that you had actually worked
seven and a half hours of overtime?

A    Correct.

Q    But you put seven hours, correct?

A    Yes.

Q    And then later on you went back and you
changed the half hour?

A    Yeah.  Because other officers were talking
about the time on my time card and somebody was
monkeying with my time card.

So I was writing it down in my notebook and waiting
until the end of the week to put it on there.

Q    So at that point you went back and you added
the extra half hour?

A    I went back and put the half hour that was
written in my notebook.

Q    And did you put that back in the sergeant's
slot to have them reapprove the extra half hour?

A    No, I didn't.

Q    And then you choose whether it's into pay or
into comp, correct?

A    Correct.

Q    And on that sheet Exhibit 5 you chose to do
the whole seven and a half hours into pay?

P. Fox - CX                              299

A    Yes.

Q    And at the end of the week when the cards are
collected who collects those and they go to Gretchen's
office, right?

A    It was always Officer Rich Head would do it
around three o'clock in the morning.

He would make out the new time cards for the next
pay period.  It was always sergeant -- not sergeant.
He wasn't sergeant.

It was always Officer Richard Head.

Q    Is that three o'clock on Saturday or Sunday?

A    Sunday a.m.

Because a lot of times there was people that worked
overtime.  So he would wait until three o'clock in the
morning to make sure nobody had to put anything on
there or whatever.

Q    All right.  So in Joint Exhibit 5 after the
week was over and you finished putting in your time and
you added the half hour and chose to put the whole
thing into pay, that just goes back into your slot and
then Mr. Head or whoever collects it?

A    Yes.

Q    And it goes from there over to Gretchen's
office?

P. Fox - CX                              300

A    Correct.

Q    And Gretchen just kind of goes through, adds
them up and that's how you figure out your pay for the
week?

A    I would imagine.

Q    Are you aware of whether or not once it gets
back to the office whether one of the sergeants or the
lieutenant or anyone sits down and goes through each
one of those cards individually?

A    No, they don't.

Q    And you knew that at the time, correct?

A    That --

Q    That after it gets collected at the end of
the week and goes to Gretchen she's just adding up
numbers is what she's doing?

MR. J. LaDUCA:  I don't think she knows what
Gretchen does.

THE WITNESS:  I don't know what Gretchen
does.

MR. J. LaDUCA:  Objection.

BY MR. GOSPER:

Q    Are you aware of whether or not after the
cards were collected at the end of the week and went to
Gretchen's desk whether or not at that point whereas

P. Fox - CX                                                  305

1
2    Joint Exhibit 2 which is the original time card that
3    the punch out time on September 4th of three-o-six a.m.
4    is incorrect?
5         A    Yes.
6         Q    All right. When you first put that into the
7    sergeant's box it originally had four hours of
8    overtime, correct?
9         A    Yes.
10        Q    All right. And then I think consistent with
11   your testimony at some point before the end of the week
12   or at the end of the week before the cards were
13   collected you went back, checked your notes and you
14   added your other half hour?
15        A    Right.
16        Q    And that's what you put on the document,
17   twelve and a half hours OT into pay?
18             That's when you opted to take the twelve and a half
19   hours and get paid for it, correct?
20        A    Correct.
21        Q    And, once again, after you changed the card
22   from four hours of overtime to four and a half hours of
23   overtime did you put that back in the sergeant's box or
24   ask any other supervisor to approve the change from
25   four to four and a half hours?

COMPUTER REPORTING SERVICE

---

P. Fox - CX                                                  306

1
2         A    No.
3         Q    Okay. With respect to Joint Exhibit 7 which
4    is the time cards for the pay period ending 9/22 the
5    day in question appears to be September 17th over to
6    September 18th.
7             Is that accurate?
8         A    Yes.
9         Q    Okay. And you worked your usual regular
10   shift beginning at three o'clock? You were scheduled
11   for three o'clock, correct?
12        A    Correct.
13        Q    It looks like you came in about twenty-four
14   minutes early, correct?
15        A    Correct.
16        Q    All right. And then it looks like you
17   punched out at about two fifty-two a.m. on the 18th
18   which is a little bit before three, correct?
19        A    Correct.
20        Q    All right. Now, when you punched out on
21   September 18th you took your card and you put it in the
22   sergeant's box, correct?
23        A    Correct.
24        Q    At some point we have an approval by --
25        A    Jared Bailey.

COMPUTER REPORTING SERVICE

---

P. Fox - CX                                                  307

1
2         Q    Is he a sergeant?
3         A    Yes.
4         Q    So Jared Bailey approves it at four hours of
5    overtime, correct?
6         A    Correct.
7         Q    And then at the end of the week pursuant to
8    your practice before Mr. Head or whoever collects it at
9    about three o'clock on Sunday you go through, you add
10   the half hour and you indicate on that card sixteen and
11   a half hours of overtime into pay, correct?
12        A    Correct.
13        Q    Okay. After you added the one half hour onto
14   that overtime you did not put that card into the
15   sergeant's box or in any other way ask a superior or a
16   supervisor to approve the change on your card, did you?
17        A    No. I didn't know I had to.
18        Q    With respect to Joint Exhibit 8 which is the
19   last card we're talking about which is October 6, 2007,
20   that's the pay period ending, the day in question is I
21   believe September 23rd?
22        A    Correct.
23        Q    All right. And on that day it looks like you
24   weren't regularly scheduled, you just came in and did
25   overtime, correct?

COMPUTER REPORTING SERVICE

---

P. Fox - CX                                                  308

1
2         A    Correct.
3         Q    Now, was that scheduled overtime or did you
4    get a call at the last minute saying, "Can you come
5    in?"
6         A    I don't even know.
7         Q    Now, if you were scheduled to do overtime --
8    Mr. LaDuca was talking about the employee work schedule
9    notices.
10            Do you have a schedule separate and aside from
11   those, a master schedule you look at at the beginning
12   of every week to know when you were going to work or
13   not?
14        A    No. I had a calendar book that I kept.
15        Q    Okay. But how does the Sheriff's Department
16   back then let you know -- I mean, you had your regular
17   shift, right?
18        A    Correct.
19        Q    Okay. If you were going to work overtime how
20   would that be memorialized? How would they notify you
21   of that?
22        A    It depended on if I was called in or if it
23   was scheduled.
24        Q    If it was scheduled, how would you know if it
25   was scheduled?

COMPUTER REPORTING SERVICE

P. Fox - CX                                    309

A    You would sign up for it.

Q    Okay. And then you would get something similar to the employee work schedule notice saying here's your overtime?

A    Yes.

Q    If you were called in, of course, you wouldn't get something like that, would you?

A    If I was what?

Q    If you were called in you wouldn't get something like that, would you?

A    Yes, you would.

Q    After you got here?

A    It would be in your mailbox. They would leave them in your mailbox.

Q    So if you got a call in saying, "Can you come in for an extra shift?" and you say, "Okay," when you got in at some point there would be one of these employee work schedule notices in your mailbox?

A    Yeah.

Q    Okay. And with respect to the overtime shift that you worked on September 23rd it looks like you punched in a little bit early, about two thirty-eight, and you worked until just after eleven p.m., correct?

A    Uhm-uhm.

P. Fox - CX                                    310

Q    Was that your regular day off, do you know?

A    It must have been if it was on -- if it was overtime.

Q    Okay. And you were filling in for someone who usually had your shift, but apparently wasn't able to work it, correct?

A    Correct. Or a vacant shift.

Q    Okay. And then you put the card in the sergeant's box and it gets approved originally at eight hours of overtime, correct?

A    Correct.

Q    And can you tell me who the initials JRB are?

A    Jared Bailey.

Q    Okay. And you go finish out your week and it looks like you have another four days after that. You put in your time, you go back, you look at your notes and you add the half hour on there, correct?

A    But it was actually the 27th that I worked it.

Q    I'm sorry. Okay.

A    That's the one that I marked wrong. I know I worked two overtime shifts that week and I marked that one there by mistake.

Q    All right. So where it shows an extra half

P. Fox - CX                                    311

hour on September 23rd you actually intended that that should have been an extra half hour for September 27th?

A    Correct.

Q    In either case whichever day it was, you didn't resubmit the card to a sergeant or any other supervisor to reapprove the addition of the one half hour, correct?

A    Correct.

Q    Now, these days when you come in early and it seems like pursuant to your time card you come in early most days -- are you working now?

A    Yes.

Q    Okay. Where do you work?

A    Super Wal-Mart in Canandaigua.

Q    Do you come in early before your shift starts?

A    Yeah. Every day.

Q    Do you come in and start working right away?

A    No. I don't punch in or anything there. I go to my locker, take my coat off and --

Q    Do you bring a lunch?

A    Yes. There's a lunch room.

Q    Do you have a fridge you can put stuff in?

A    Yes. There's a fridge. There's a microwave.

P. Fox - CX                                    312

There's a break room.

Q    So you get in a little bit early and get yourself ready so when your shift starts you're ready to go?

A    Yes.

Q    All right. When you were working here at the jail as a CO the testimony thus far is you would walk in, you get buzzed in through the door just to the left of the control room there and that's where the clock is, correct?

A    It's right by the door when you come in, yes.

Q    But you have to get buzzed in through that door, you step through and then the clock is right there?

A    Yes.

Q    Do you have to get buzzed through to get into the jail itself on the other side of that room?

A    Yes.

Q    Where is the break room or the employee room?

A    Down post. It's not really an employee room. It's just -- it used to be the old visitation room. I have it documented.

Q    That's okay. Is it where sometimes the inmates take their lunch sometimes? Is that that room?