UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PATRICIA A. FOX,

        Plaintiff,

-vs-

THE COUNTY OF YATES,
SHERIFF RONALD G. SPIKE, both individually and
    in his official capacity,
UNDERSHERIFF JOHN C. GLEASON, both
    individually and in is his official capacity, and
LIEUTENANT CLAY RUGAR, both individually
    and in his official capacity as Jail
    Administrator of the Yates County Jail,

        Defendants.

Civil Action No.: 10-cv-6020(T)

---

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

---

JAECKLE FLEISCHMANN & MUGEL, LLP
*Attorneys for Defendants County of Yates, Sheriff Ronald G. Spike, Undersheriff John C. Gleason and Lieutenant Clay Rugar*
12 Fountain Plaza
Buffalo, New York 14202-2292
Telephone: (716) 856-0600
mvanvessem@jaeckle.com
bbraun@jaeckle.com

Of Counsel:
Matthew C. VanVessem, Esq.
Beverley S. Braun, Esq.

# TABLE OF CONTENTS

                                                            **Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 1

ARGUMENT ............................................................................................................................ 1

    I.    STANDARD OF REVIEW ........................................................................................ 1

    II.   PLAINTIFF'S FIRST CAUSE OF ACTION FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED AS §1983 PROVIDES NO RIGHT OF RECOVERY FOR ALLEGED VIOLATIONS OF THE FAIR LABOR STANDARDS ACT ............................................................................................................ 3

    III.  PLAINTIFF'S SECOND CAUSE OF ACTION FOR MALICIOUS PROSECUTION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM ............................. 4

        A.    Plaintiff's Complaint Fails to Rebut the Presumption of Probable Cause ............... 4

        B.    Plaintiff Has no Cause of Action for Malicious Prosecution under 42 U.S.C. §1983 Based Upon an Administrative Hearing Pursuant to §75 of New York Civil Service Law ............................................................................................................ 8

    IV.  PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST DEFENDANTS FOR PERSONAL LIABILITY UNDER 42 U.S.C. §1983 ................................................... 9

    V.   DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ............................ 10

    VI.  PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER 42 U.S.C. §1985 ........ 11

    VII. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR UNCONSTITUTIONAL GENDER DISCRIMINATION WHICH WOULD ENTITLE HER TO RELIEF ........ 12

CONCLUSION ...................................................................................................................... 15

# TABLE OF AUTHORITIES
Page

**Cases**

*Albright v. Oliver*, 510 U.S. 266, 274-275 (1994),
   *rehearing denied*, 510 U.S. 1215 (1994) .................................................................. 8, 9

*Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998) ........................... 12, 13

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ................................................... 1, 2, 7, 8, 13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ........................................ 1, 2, 7

*Bowen v. County of Allegany*, 2004 U.S. Dist. LEXIS 29510, *13 (W.D.N.Y. 2004) ............ 11

*Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir. 2003) ................................................ 5

*Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999),
   *cert. denied*, 531 U.S. 1052 (2000) ................................................................................. 1

*Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) ........................................ 10, 11

*Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 617-618 (1979) ............ 3

*Colon v. City of New York*, 60 N.Y.2d 78, 82, 468 N.Y.S.2d 453, 455 (1983),
   *rehearing denied*, 61 N.Y.2d 670, 472 N.Y.S.2d 1028 (1983) ......................................... 5

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) ...................................................................... 1

*Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d. Cir. 1991),
   *cert. denied*, 503 U.S. 960 (1992) .................................................................................... 2

*Deretich v. Office of Administrative Hearings*, 798 F.2d 1147, 1153 (8th Cir. 1986) ......... 12

*Engquist v. Oregon Department of Agriculture*, 553 U.S. 591,
   128 S. Ct. 2146, 2155 (2008) ........................................................................................ 14

*Feingold v. State of New York*, 366 F.3d 138, 149 (2d Cir. 2004) ..................................... 13

*Kendall v. City of Chesapeake, Virginia*, 174 F.3d 437, 443 (4th Cir. 1999) ....................... 3

*Madonna v. United States*, 878 F.2d 62, 65 (2d Cir. 1989) ................................................ 1

*Martinez v. City of Schenectady*, 97 N.Y.2d 78, 84, 735 N.Y.S.2d 868, 872 (2001) ............ 5

*Redcross v. County of Rensselaer*, 511 F. Supp. 364, 374 (N.D.N.Y. 1981) ..................... 12

*Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) ........................................................... 2

*Rothstein v. Carriere*, 373 F.3d 275, 282 (2d Cir. 2004) .................................................... 4

*Saucier v. Katz*, 533 U.S. 194, 201 (2001) ........................................................................ 11

*Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) ......................................... 5, 10

*Singer v. Fulton County Sheriff*, 63 F.3d 110, 116 (2d Cir. 1995),
   *cert. denied*, 517 U.S. 1189 (1996) ............................................................................. 8, 9

*Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 195, 712 N.Y.S.2d 438, 440 (2000) ..................... 4

*Stone v. McGowan*, 308 F. Supp.2d 79, 87 (N.D.N.Y. 2004) ........................................................ 3

*Toles v. Schillaci*, 2006 U.S. Dist. LEXIS 96178 (W.D.N.Y. Sept. 29, 2006)
   (Magistrate's Report and Recommendation), *adopted*,
   2007 U.S. Dist. LEXIS 15378 (W.D.N.Y. Mar. 1, 2007) ........................................................ 3

*Washington v. County of Rockland*, 373 F.3d 310, 316 (2d Cir. 2004) ........................................ 9

*Wilson v. Garcia*, 471 U.S. 261, 278 (1985) ................................................................................ 3

**Statutes**
28 U.S.C. § 451 ............................................................................................................................ 11
42 U.S.C. §1983 ............................................................................................................................. 3
42 U.S.C. §1985 ........................................................................................................................... 12
42 U.S.C. §1985(2) ...................................................................................................................... 11
New York Civil Service Law §75 .................................................................................................. 8

**Rules**
Fed. Rule Civ. Proc. 8(a)(2) ................................................................................................ 2, 7, 13

**Constitutional Provisions**
U.S. Const. art. 1. §8, cl. 9 .......................................................................................................... 11

## PRELIMINARY STATEMENT

Defendants County of Yates, Sheriff Ronald G. Spike, Undersheriff John C. Gleason and Lieutenant Clay Rugar (hereinafter collectively "Defendants") submit this memorandum of law in support of their motion pursuant Federal Rule of Civil Procedure 12(b)(6) to dismiss with prejudice all claims brought by Plaintiff Patricia A. Fox (hereinafter "Plaintiff").

## STATEMENT OF FACTS

The procedural background and material facts in support of the instant motion are set forth in the accompanying Affidavit of Matthew C. VanVessem, Esq. and its annexed exhibits and are stated hereinafter where relevant to the argument.

## ARGUMENT

### I.   STANDARD OF REVIEW

On a motion made pursuant to Rule 12(b)(6), a complaint must be dismissed for failure to state a claim where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Madonna* v. *United States,* 878 F.2d 62, 65 (2d Cir. 1989) (quoting *Conley* v. *Gibson,* 355 U.S. 41, 45-46 (1957)). In considering the motion, the court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999), cert. denied, 531 U.S. 1052 (2000). Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged

– but it has not 'show[n]' – 'that the pleader is entitled to relief'" and the motion should be granted. *Iqbal, supra,* 129 S. Ct. at 1950 (quoting Fed. Rule Civ. Proc. 8(a)(2)).

In considering a motion to dismiss, the Court need not accept the legal conclusions contained in the Complaint – only the facts alleged must be accepted as true. *Id.* at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Based upon the United States Supreme Court's precedence of *Twombly* and *Iqbal*, on a motion to dismiss, the court must engage in a two-part inquiry. First, the court begins "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal, supra,* 129 S. Ct. at 1950. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* While the plausibility standard is not equivalent to probability, the standard requires "more than a sheer possibility that a defendant acted unlawfully." *Id.* at 1949 (citing *Twombly, supra,* 550 U.S. at 556). Furthermore, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations omitted).

Moreover, in considering a motion to dismiss, the Court can also consider "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Rothman v. Gregor,* 220 F.3d 81, 88 (2d Cir. 2000). Additionally, the court may consider material which is known to the non-moving party and integral to the complaint. *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d. Cir. 1991), *cert. denied,* 503 U.S. 960 (1992).

2

II.  **PLAINTIFF'S FIRST CAUSE OF ACTION FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED AS §1983 PROVIDES NO RIGHT OF RECOVERY FOR ALLEGED VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

Plaintiff's first cause of action is a claim under 42 U.S.C. §1983, predicated on the County of Yates' alleged violation of the Fair Labor Standards Act ("FLSA"). Complaint, ¶¶40-48. It is well-established that §1983 "only provides a remedy and does not itself create any substantive rights." *Wilson v. Garcia*, 471 U.S. 261, 278 (1985) (citing *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 617-618 (1979)). Similarly, "the FLSA provides an 'unusually elaborate' enforcement scheme." *Stone v. McGowan*, 308 F. Supp.2d 79, 87 (N.D.N.Y. 2004). In *Stone*, the Court adopted the Fourth Circuit's reasoning and conclusion in *Kendall v. City of Chesapeake, Virginia*, 174 F.3d 437, 443 (4th Cir. 1999), "that Congress evinced a clear intent to preclude the use of Section 1983 for the protection of rights secured by the FLSA." *Stone, supra*, 308 F. Supp.2d at 88. Consequently, where a plaintiff's claim is solely based upon an alleged violation of the FLSA, recovery may only be based upon the FLSA and the remedies contained therein. *Id.*

Similarly, in *Toles v. Schillaci*, 2006 U.S. Dist. LEXIS 96178 (W.D.N.Y. Sept. 29, 2006) (Magistrate's Report and Recommendation), adopted, 2007 U.S. Dist. LEXIS 15378 (W.D.N.Y. Mar. 1, 2007), the Western District of New York, relying on *Stone* and *Kendall*, held that a "FLSA claim could not sustain a §1983 claim because the variety of enforcement mechanisms provided by the FLSA establish Congress's intent to preclude a §1983 action to enforce it." *Id.* at 13.

In this case, there is no question that Plaintiff's first cause of action is an FLSA claim for which Plaintiff seeks redress under §1983. Consequently, the first cause of action must

3

be dismissed as a matter of law in that the underlying facts, as well as the remedy sought (Complaint, Wherefore clause ¶1), cannot be maintained under §1983.

### III. PLAINTIFF'S SECOND CAUSE OF ACTION FOR MALICIOUS PROSECUTION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

Plaintiff's second cause of action, malicious prosecution, is based upon her claims that: (1) the Defendants prosecuted her criminally with malice and without probable case (Complaint, ¶¶58-70); and (2) Defendants pursued administrative remedies after the criminal trial concluded (Complaint, ¶¶74-76). Although Plaintiff was acquitted at trial after an indictment by the Grand Jury, Plaintiff was found guilty of three allegations as part of the §75 hearing pursuant to New York Civil Service Law. Consequently, Plaintiff has failed to state a cause of action as to her criminal prosecution, as the conclusory allegations in the complaint fail to rebut the presumption of probable cause afforded the Grand Jury indictment. Additionally, no cause of action exists for alleged malicious prosecution stemming from administrative hearings, such as §75 of the Civil Service Law.

#### A. Plaintiff's Complaint Fails to Rebut the Presumption of Probable Cause

Public policy "favors bringing criminals to justice, and accusers must be allowed room for benign misjudgments," and as such, the law "places a heavy burden on malicious prosecution plaintiffs . . . . " *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 195, 712 N.Y.S.2d 438, 440 (2000). *See also*, *Rothstein v. Carriere*, 373 F.3d 275, 282 (2d Cir. 2004). Thus, in order to state a cause of action for malicious prosecution under 42 U.S.C. § 1983, a plaintiff must show that: (1) a prosecution was initiated against her; (2) it was brought with malice; (3) it was brought without probable cause; **and** (4) the prosecution terminated in favor of the accused

4

plaintiff. *Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir. 2003). *See also, Martinez v. City of Schenectady*, 97 N.Y.2d 78, 84, 735 N.Y.S.2d 868, 872 (2001) ("To obtain recovery for malicious prosecution, a plaintiff must establish that a criminal proceeding was commenced, that it was terminated in favor of the accused, that it lacked probable cause, and that the proceeding was brought out of actual malice."). As evidenced by the conjunctive, the Plaintiff must show facts to support all four elements of the cause of action. This, Plaintiff cannot do.

In this case, there is no dispute that (1) a prosecution was initiated against the Plaintiff and (2) that the prosecution was terminated in favor of the Plaintiff. However, Plaintiff has failed to state a claim for malicious prosecution because she did not, nor can she, show that the underlying criminal prosecution was brought without probable cause. By Plaintiff's own admissions, as part of the criminal prosecution, she evidently appeared before and was clearly indicted by the Yates County Grand Jury. Complaint, ¶¶68-70. Under New York law, "the existence of probable cause is a complete defense to a claim of malicious prosecution." *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) (citing *Colon v. City of New York*, 60 N.Y.2d 78, 82, 468 N.Y.S.2d 453, 455 (1983), *rehearing denied*, 61 N.Y.2d 670, 472 N.Y.S.2d 1028 (1983)). Moreover, "indictment by a grand jury creates a presumption of probable cause that may *only* be rebutted by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Savino, supra*, 331 F.3d at 72 (emphasis in original)(internal quotation omitted). Here, Plaintiff has failed to plead facts sufficient to support a claim for malicious prosecution, much less rebut the Grand Jury presumption.

In support of her claim for malicious prosecution, Plaintiff alleges at paragraph 69 of her Complaint:

> In furtherance of the conspiracy to maliciously prosecute Plaintiff, the YCSD [Yates County Sheriff's Department] intentionally and maliciously withheld favorable evidence or offered misleading information in the following manner:
> a) The Grand Jury was mislead [sic] to believe that Plaintiff never worked the time for which she was paid $54.30. The indictment specifically charged that Plaintiff "with the intent to defraud...causing a false entry" on her time card with the intent to commit another crime" [sic] (larceny) stealing money from the County of Yates.
> b) The digital recording of the actual conversation between the investigators and Plaintiff was intentional [sic] and maliciously withheld from the Grand Jury. Instead the Grand Jury was provided with a typed unsigned alleged statement which provided incomplete information specifically tailored to mislead the Grand Jury.
> c) Upon information and belief, the Grand Jury was mislead [sic] to believe that a violation of the General Order (getting a Sergeant's approval for overtime) was a violation of the Penal Statute, to wit: Falsify [sic] Filing a Business Record.
> d) Upon information and belief, the Grand Jury was never instructed that Plaintiff's time cards supported her request for overtime pay.
> e) Upon information and belief, the Grand Jury was not informed that there is a Federal Statute requiring payment for overtime worked by an employee for the employer.

Plaintiff's claims, however, are flawed on many levels. First and foremost, it appears that Plaintiff herself testified before the Grand Jury. Complaint, ¶68. As a result, Plaintiff would have had the opportunity before the Grand Jury to explain and clarify whatever points she deemed necessary. Second, Plaintiff's malicious prosecution claim as pleaded, is a claim of prosecutorial misconduct not one of malicious prosecution by Defendants or their agents. Significantly, it is the prosecutor who decides which exhibits are shown to a Grand Jury, what witnesses appear and what questions are asked. As a result, Defendants had no control, for example, over whether a digital recording or transcript of that recording was submitted to the Grand Jury, just as Defendants had no control over what questions were asked of the witnesses

6

by either the prosecutor or the members of the Grand Jury. Finally, and most importantly, Plaintiff has failed to allege with specificity any acts of fraud, perjury, suppression of evidence or bad faith police conduct on the part of the Defendants. Rather, Plaintiff relies on talismanic language to make her claim. This, however, is not enough.

As the United States Supreme Court has made clear, "'[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal, supra* 129 S. Ct. at 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). However, "where the well-pleaded facts do not permit the court to infer more than the **mere possibility of misconduct**, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief'" and the motion should be granted. *Iqbal, supra*, 129 S. Ct. at 1950 (2009) (quoting Fed. Rule Civ. Proc. 8(a)(2))(emphasis added). Such is the case here. Indeed, there is nothing about Plaintiff's malicious prosecution claim that is plausible as to the Defendants. Furthermore, Plaintiff asserts that malicious prosecution occurred not because of anything attributable to Defendants; rather her claim is based upon the subjective assertions about what the Grand Jury was "mislead" to believe by non-specific acts allegedly committed by unidentified persons. These assertions, however, fail to meet the pleading requirements of *Iqbal* and *Twombly*.

Plaintiff merely recites elements of this claim, stating "[f]or the above reasons and, in addition to other facts, the presumption of probable cause does not apply to the indictment that was handed up by the Yates County Grand Jury against Plaintiff." Complaint, ¶70. Again, Plaintiff fails to articulate any "other facts" related to the Grand Jury proceedings that rebut, or could be construed to rebut, the legal presumption of probable cause afforded the Grand Jury indictment. Additionally, paragraph 70 of the Complaint is a legal conclusion, which

7

this Court need not accept as true. *See, Iqbal, supra*, 129 S. Ct. at 1949-50. Accordingly, Plaintiff's second cause of action should be dismissed for failure to state a claim.

> **B. Plaintiff Has No Cause of Action for Malicious Prosecution under 42 U.S.C. §1983 Based Upon an Administrative Hearing Pursuant to §75 of New York Civil Service Law**

In addition to alleging malicious prosecution based upon the criminal proceedings involving Plaintiff, Plaintiff also asserts that Defendants engaged in malicious prosecution by pursuing a hearing in accordance with New York Civil Service Law §75 (hereinafter "CSL §75"). The New York Civil Service Law provides for administrative investigation, resolution, and discipline of employees who fall within the auspices of the law, such as police officers. The CSL §75 hearing is separate and distinct from any criminal proceeding. In this case, Plaintiff asserts that because she was acquitted in the criminal trial, Defendants engaged in malicious prosecution when they proceeded with the CSL §75 hearing. Complaint, ¶¶74-76. As a result, Plaintiff contends that she is entitled to relief under 42 U.S.C. §1983 as it relates to the CSL §75 hearing. This claim, however, cannot be sustained as a matter of law.

In *Albright v. Oliver*, 510 U.S. 266, 274-275 (1994), *rehearing denied*, 510 U.S. 1215 (1994), the Supreme Court, in a plurality opinion, determined that **only** violations of the Fourth Amendment could support §1983 claims for malicious prosecution. In 1995, the Second Circuit considered the impact of *Albright* and stated, "The Fourth Amendment right implicated in a malicious prosecution action is the right to be free of unreasonable seizure of the person – *i.e.*, the right to be free of unreasonable or unwarranted restraints on personal liberty." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 116 (2d Cir. 1995), *cert. denied*, 517 U.S. 1189 (1996). As a result,"[c]onsidered in tandem, *Singer* and *Albright* stand for the proposition that to sustain a §1983 malicious prosecution claim, there must be a seizure or other 'perversion of proper legal

8

procedures' implicating the claimant's personal liberty and privacy interests under the Fourth Amendment." *Washington v. County of Rockland*, 373 F.3d 310, 316 (2d Cir. 2004).

Second Circuit case law "does not forbid a §1983 malicious prosecution claim premised on a civil or administrative proceeding; however, ... such claims must, under *Albright* and *Singer*, be premised on a violation of Fourth Amendment rights." *Washington, supra*, 373 F.3d at 317. In this case, the CSL §75 administrative hearing did not implicate Plaintiff's Fourth Amendment rights. A finding of guilt in an administrative hearing may lead to criminal prosecution; however, since Plaintiff had already been acquitted, there were no Fourth Amendment implications as she could not be re-tried pursuant to the Fifth Amendment. Furthermore, at no time in connection with her CSL §75 hearing was Plaintiff "taken into custody, imprisoned, physically detained or seized within the traditional meaning of the Fourth Amendment." *Id.* at 316.

Assuming, *arguendo*, that this Court does not dismiss Plaintiff's §1983 claim for malicious prosecution in its entirety, that part of Plaintiff's claim which is related to the CSL §75 hearing must be dismissed as a matter of law.

## IV. PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST DEFENDANTS FOR PERSONAL LIABILITY UNDER 42 U.S.C. §1983

Plaintiff's third cause of action is a nondescript hodge-podge of conclusory allegations against Defendants Spike, Gleason, and Rugar. Construing this cause of action broadly, it appears that Plaintiff attributes personal liability to Defendants, either individually or collectively, based upon their: (1) alleged selective enforcement of denying "overtime compensation without Sergeant's written approval" (Complaint, ¶78); (2) failure to terminate the criminal proceedings or the CSL §75 proceeding in light of the FLSA (Complaint, ¶¶80-82); (3)

9

decision to deviate from the Hearing Officer's recommendation in the CSL §75 proceeding (Complaint, ¶83); and (4) alleged concerted efforts to prosecute and terminate Plaintiff (Complaint, ¶¶84, 85).

In essence, Plaintiff's claims of personal liability against the Defendants are nothing more than her claim of malicious prosecution restated. As a result, dismissal of the second cause of action requires that the third cause of action be dismissed as well. With respect to Plaintiff's allegations against Defendant Spike regarding his decision to deviate from the Hearing Officer's recommendation in the CSL §75 proceeding (Complaint, ¶83), Defendant Spike was at all times acting in his official capacity. Indeed, even Plaintiff acknowledges that these actions were taken in their official capacity, as she makes the same claims in her second cause of action. *See*, Complaint, ¶¶74, 75. Since Defendant Spike was acting in his official capacity, there can be no liability against him personally.

## V.   DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

Under the doctrine of qualified immunity, a government official is shielded from liability for civil damages arising from his performance of **discretionary functions** so long as his actions did not violate the plaintiff's "clearly established rights" or, in the alternative, it would have been "objectively reasonable for the official to believe his conduct did not violate plaintiff's rights." *Savino, supra*, 331 F.3d at 71. The doctrine of qualified immunity "serves important practical purposes in our system. It shields government officials from liability for their performance of discretionary actions and offers them the benefit of avoiding costly, time-consuming and, ultimately unsuccessful litigation." *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002). Since qualified immunity is "an entitlement not to stand trial or face the other

10

burdens of litigation," claims for immunity should be determined at the earliest possible stage of litigation. *Id.*

In addition, Plaintiff must show that an official was personally involved in any alleged constitutional violation. Merely stating a supervisory role is not enough to show personal involvement. "A plaintiff cannot base liability solely on [a defendant's] supervisory capacity or the fact that he held the highest position of authority within the relevant governmental agency or department." *Bowen v. County of Allegany*, 2004 U.S. Dist. LEXIS 29510, *13 (W.D.N.Y. 2004) (citations and quotation marks omitted).

In determining whether qualified immunity applies, the Court must consider whether "the facts alleged show that the [official's] conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). In this case, the facts do not support Plaintiff's contention that the Defendants engaged in actions which violated her constitutional or statutory rights.

## VI. PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER 42 U.S.C. §1985

In her fourth cause of action, Plaintiff asserts a claim under 42 U.S.C. §1985(2) in which she alleges that Defendants Spike, Gleason and Rugar "conspired to deter by intimidation witnesses who could have provided testimony or other evidence on behalf of Plaintiff at her **County Court trial** and the Article 75 Hearing." Complaint, ¶87 (emphasis added). By its terms, 42 U.S.C. §1985(2) provides redress where parties "conspire to deter, by force, intimidation, or threat, any party or witness **in any court of the United States** from attending such court ..." (emphasis added). Indeed, the constitutional basis for the enactment of §1985(2) is derived from Congress's plenary power over the federal courts. U.S. Const. art. 1. §8, cl. 9. Furthermore, as defined in 28 U.S.C. § 451, "court of the United States" refers only to the Article

11

III courts and certain federal courts created by Acts of Congress. It does not include the various state courts. As a result, where, as here, the underlying alleged witness deterrence did not occur as part of a federal court proceeding, Plaintiff has no cause of action pursuant to 42 U.S.C. §1985. *See Redcross v. County of Rensselaer*, 511 F. Supp. 364, 374 (N.D.N.Y. 1981) (Dismissing §1985 claim,"[s]ince no federal court is involved, a claim under §1985(2) (cl.1) cannot stand."). *See also, Deretich v. Office of Administrative Hearings*, 798 F.2d 1147, 1153 (8th Cir. 1986)("Section 1985(2) provides a cause of action against conspiracy to intimidate a witness in a United States court. The district court correctly ruled that section 1985(2) does not provide a cause of action for intimidation of witnesses in state administrative and court proceedings.")

Since Plaintiff can offer no set of facts for a claim under 42 U.S.C. §1985, Plaintiff's fourth cause of action should be dismissed as a matter of law.

## VII.   PLAINTIFF HAS FAILED TO STATE A CLAIM FOR UNCONSTITUTIONAL GENDER DISCRIMINATION WHICH WOULD ENTITLE HER TO RELIEF

Plaintiff's final cause of action claims unconstitutional gender discrimination in violation of the Equal Protection clause of the Fourteenth Amendment. Although not explicitly pleaded, Defendants will treat this cause of action as one under §1983.[1] Plaintiff's conclusory allegations, without more, require that Plaintiff's claim be dismissed.

As stated by the Second Circuit,"[a]n employee is denied her equal protection right to be free from gender discrimination when she is treated differently from other **similarly** situated employees, thus suffering disparate treatment because of gender." *Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998) (emphasis added; internal formatting omitted). In

---

[1] Theoretically, Plaintiffs could have also pleaded this cause of action under Title VII (42 U.S.C. §2000e, *et seq.*). However, having made no reference to following the administrative procedures required for a Title VII claim, and such a claim being barred from review, Defendants will analyze this as a claim for relief under §1983.

assessing equal protection claims under §1983, the same burden-shifting analysis used in Title VII claims applies. *Id.* Therefore, in order to prevail on an alleged equal protection violation predicated on disparate treatment based on gender, a plaintiff must show that "**[s]he has suffered** an adverse job action under circumstances giving rise to an inference of discrimination on the basis of [gender]." *Feingold v. State of New York*, 366 F.3d 138, 149 (2d Cir. 2004) (emphasis added). Indeed, it is incumbent upon the Plaintiff to allege, with specificity, exactly how **she** was treated differently from others similarly situated. This, Plaintiff cannot do.

Plaintiff's claim of equal protection violations consists of nothing more than conclusory and general allegations, in which Plaintiff has provided no factual support as to how Defendants discriminated against **her** based upon her gender. For example, in paragraph 102 of the Complaint, Plaintiff alleges:

> At all relevant times, female employees were systematically scheduled for work assignments especially during certain time periods such as visitation days, weekends, holidays, Super Bowl Sundays, opening day of deer hunting season, etc.

This allegation fails to meet the pleading requirement required to sustain a cause of action. For example, there is no indication, let alone inference, that plaintiff was treated differently because she was scheduled to work, for example, on Super Bowl Sunday after she requested the day off but that a similar request by a male officer with less seniority was granted. Plaintiff's other allegations suffer from the same infirmity. Complaint, ¶¶101-107.

Fed. R. Civ. P. 8(a)(2) does not require that all minutiae of a claim be pleaded, however it does require "showing that the pleader is entitled to relief." Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not suffice to defeat a motion to dismiss. *Iqbal, supra*, 129 S. Ct. at 1949.

13

Moreover, a liberal reading of Plaintiff's complaint does not support Plaintiff's claims for gender discrimination. Rather, Plaintiff's primary basis for any alleged discrimination which she has suffered appears to be as a "whistleblower." *See*, Complaint, ¶¶30, 37 and 39. Plaintiff's self-professed status as a "whistleblower" does not establish that Plaintiff was a member of a protected class entitled to relief for discrimination under §1983. Absent discrimination based upon a protected class, Plaintiff, as a public employee, cannot, as a matter of law, state a claim for relief under §1983. *See, Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 128 S. Ct. 2146, 2155 (2008) (holding that "class of one" claims do not apply in a public employment context).

Since Plaintiff has failed to state a claim for gender discrimination under §1983 and she is precluded from a discrimination claim under a "class of one" theory based upon her status as a "whistleblower," Plaintiff's fifth cause of action should be dismissed in its entirety.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants' motion to dismiss the complaint in its entirety, with prejudice, and grant such other and further relief as the Court deems just and proper.

DATED:   Buffalo, New York
         March 9, 2010

                              **JAECKLE FLEISCHMANN & MUGEL, LLP**

                              By:___/s/ Matthew C. VanVessem___
                                    Matthew C. VanVessesm, Esq.
                                    Beverley S. Braun, Esq.
*Attorneys for Defendants*
12 Fountain Plaza
Buffalo, New York 14202-2292
Telephone: (716) 856-0600
mvanvessem@jaeckle.com
bbraun@jaeckle.com