UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICIA A. FOX,

                              Plaintiffs,          10-CV-6020

              v.                                   **DECISION
                                                   and ORDER**

THE COUNTY OF YATES, SHERIFF RONALD G.
SPIKE, both individually and in his
official capacity as Sheriff of Yates
County, UNDERSHERIFF JOHN V. GLEASON,
both individually and in his official
capacity as UnderSheriff of Yates County,
and LIEUTENANT CLAY RUGAR, both individually
and in his official capacity as Jail
Administrator of the Yates County Jail,

                              Defendants.
_____

### INTRODUCTION

     Plaintiff, Patricia A. Fox ("Plaintiff"), brings this action

pursuant to 42 U.S.C. §1983, 42 U.S.C. §1985, 42 U.S.C. §1981, and

42 U.S.C. §1986 alleging malicious prosecution, conspiracy,

violations of the Due Process and Equal Protection Clauses, witness

intimidation and various state law claims arising out of her

employment by Defendant, the County of Yates ("County") and the

criminal indictment, prosecution and administrative hearing for

allegedly falsifying her time cards[1].  Plaintiff claims that

_____

     [1]It appears on the face of the Complaint that Plaintiff is also attempting to allege a cause of action under the Fair Labor Standards Act ("FLSA"), but Plaintiff states in her attorney's affidavit that her citation of the FLSA was not meant to create a cause of action but to provide background facts to establish municipal liability.  See LaDuca Affidavit at 2. Therefore, this

Defendants, the County, Sheriff Ronald Spike ("Spike"), UnderSheriff John Gleason ("Gleason"), and Lieutenant Clay Rugar ("Rugar"), violated her Constitutional rights in retaliation for her reporting the inappropriate conduct of several co-workers to her superiors. Plaintiff also alleges that Defendants violated the Equal Protection clause by discriminating against her and other female corrections officers in work assignments and promotion. Defendants move to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). For the reasons set forth below, this Court grants in part and denies in part Defendants' motion to dismiss.

## BACKGROUND

The following facts are set forth in the Complaint.[2]

---

Court does not address the Defendants arguments regarding the availability of declaratory relief under the FLSA.

[2]In connection with a motion to dismiss under Rule 12(b)(6), the Court generally may only consider "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." See Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir.2005); accord Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir.1991). The Court may only consider a document not appended to the complaint if the document is "incorporated in [the complaint] by reference" or is a document "upon which [the complaint] solely relies and...is integral to the complaint." See Roth v. Jennings, 489 F.3d 499, 509 (2d Cir.2007) (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir.1991) (emphases in original)). Courts also "'routinely take judicial notice of documents filed in other courts...not for the truth of the matters asserted in other litigation, but rather to establish the fact of such litigation and related filings.'" See Crews v. County of Nassau, 2007 WL 316568, at *2 n. 2, (E.D.N.Y. 2007) (quoting Kramer, 937 F.2d at 774); see also Brodeur v. City of New York, No. 04 Civ. 1859(JG), 2005 WL 1139908, at *3, 2005 U.S. Dist. LEXIS 10865, at *9 (E.D.N.Y. May 13, 2005) (court could consider "public documents of which the plaintiff has notice" on a Rule 12(b)(6) motion to dismiss). Thus, in the instant case, this Court will also consider the written decisions of the Hearing Officer in the New York Civil Service Law ("CSL") §75 hearing and the Personnel

Plaintiff served as a probationary corrections officer for the Yates County Sheriff's Department ("YCSD") from 2002 to July 4, 2004, when she was permanently appointed under the New York Civil Service Law ("CSL"). In 2005, Plaintiff reported that Vicodin was missing from her personal belongings stored in a break room. An investigation led to the firing of a fellow corrections officer for taking the Vicodin. Soon thereafter, Plaintiff reported to her supervisor that certain corrections officers were engaging in sexual acts and accessing pornographic websites while at work. Plaintiff alleges that she was subject to harassment for having reported such conduct, and in 2006 she reported this harassment to her supervisor, Rugar. Plaintiff alleges that Rugar did not investigate her report, but Rugar later informed Plaintiff that there was no evidence of such conduct. Plaintiff then provided Rugar and Gleason with her own documentation of the harassment. Plaintiff alleges that Rugar and Gleason advised her that they would keep her report confidential, but they subsequently revealed to other employees at the YCSD the substance of Plaintiff's complaints. Plaintiff alleges that she was subject to continued harassment after being identified as the complainant.

Plaintiff alleges that the harassment she suffered was in retaliation for her reports to her supervisors and that this

Officer who reviewed that decision pursuant to CSL §76, as Plaintiff relied on these decisions to form the basis of several of her claims.

retaliation stemmed from a specific group of male employees of the County who are known as the "Circle," which included, among others, Rugar, Gleason and Spike. She claims that members of the Circle are not asked to perform unwanted tasks and are generally given favorable treatment over female corrections officers. She claims that members of the Circle would decide what tasks to assign female employees and whether female employees would be granted promotions or pay increases.

Plaintiff states that while she was employed by YCSD she was often asked to work overtime. The YCSD had an internal policy regarding overtime whereby an employee was required to have such overtime approved, even if it had already been earned. Plaintiff states that on four separate occasions in the Fall of 2007 she worked one half-hour of overtime and failed to get approval for such overtime. She states, however, that this overtime was correctly logged on her time card and that Defendants knew that Plaintiff completed the overtime, even though it had not been formally approved. Plaintiff was paid $54.30 for the overtime.

The YCSD began an investigation into Plaintiff's receipt of monies for overtime that they claimed was not due, as it had not been approved. YCSD later filed a criminal complaint alleging that Plaintiff falsified a business record (her timecard) and committed petit larceny based on her receipt of monies related to the allegedly falsified timecard. Plaintiff was subsequently arrested

and, while being fingerprinted, Rugar told her that if she resigned she may receive a more favorable disposition of her criminal charges. Plaintiff was then suspended from the YCSD.

Plaintiff appeared and testified before a Yates County Grand Jury and was subsequently indicted. Plaintiff claims that an electronic recording made by criminal investigators of the County, Lieutenants Sortir and Backer, during their investigation of her alleged offense, was improperly withheld from the Grand Jury as the tape contained her own corroborating statements that she had worked the overtime reflected in her time card. She also alleges that Sortir and Backer, who testified at the Grand Jury, gave false testimony to the Grand Jury because they did not inform the Grand Jury of the existence of the recording and incorrectly stated why the Plaintiff would not sign a written statement about the investigation. She also states that they gave false testimony as to the procedure for earning and approving overtime at the YCSD. Plaintiff was tried and acquitted of all charges.

Plaintiff was suspended, without pay, from January 22, 2008 through the completion of a subsequent CSL §75 proceeding, on July 2, 2009, which was brought by the YCSD following the completion of the criminal trial. YCSD alleged 6 charges in the CSL §75 proceeding based on Plaintiff allegedly receiving monies for overtime which she did not work. Plaintiff testified at the hearing and was represented by counsel. The Hearing Officer found

that Plaintiff should be subject to sanctions for some, but not all, of the YCSD's allegations.[3]  The Hearing Officer recommended that Sheriff Spike suspend Plaintiff for 30 days, without pay, and that Plaintiff should not be granted back pay for the period of time when she had asked for and was granted an adjournment of the hearing.  Spike, finding that Plaintiff had violated agency policy according to the Hearing Officer's determination, suspended Plaintiff for 60 days without pay and denied her back pay.  He also denied her credit for the time she had already been suspended without pay.

Plaintiff then sought review of Sheriff Spike's decision pursuant to  CSL §76. The reviewing Personnel Officer found that the Hearing Officer and Spike correctly determined that Plaintiff had violated agency policy.  He determined that the ultimate penalty imposed by Spike was proportionate to the offense. The Personnel Officer also found that Plaintiff was not entitled to back pay for the period of time that the hearing delay was due to her own actions, (January 22, 2008-January 29, 2009) because she had asked for a postponement, but that Plaintiff was entitled to back pay for the amount of time that exceeded the statutory 30-day period of suspension under the CSL (January 29, 2009 through July

---

[3]Plaintiff was found to have violated agency policy by altering her time cards to receive compensation for time not actually worked, submitting false time cards for payment and receiving pay for more overtime hours than were approved by her supervisor.  However, she was not found to have violated the law in contravention of agency policy, to have improperly reported for duty, or to have given false statements to her supervisors to acquire approval for overtime.

2, 2009), because she had not delayed the proceedings after the hearing was scheduled.

## DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." See <u>Ruotolo v. City of New York</u>, 514 F.3d 184, 188 (2d Cir.2008) (quoting <u>Bell Atl. Corp. v. Twombly</u>, --- U.S. ----, 127 S.Ct. 1955, 1974 (2007)). In considering a Rule 12(b)(6) motion to dismiss, the Court "'must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party.'" See <u>Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.</u>, 517 F.3d 104, 115 (2d Cir.2008) (quoting <u>Gorman v. Consol. Edison Corp.</u>, 488 F.3d 586, 591-92 (2d Cir.2007)). The "plausibility" language used by the Supreme Court in <u>Bell Atlantic</u> has not been interpreted by the Second Circuit to require a "universal standard of heightened fact pleading," but to require a complaint to "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." <u>Iqbal v. Hasty</u>, 490 F.3d 143, 157-58 (2d Cir.2007) (emphasis in original). Further, courts have noted that while heightened factual pleading is not the new order of the day, <u>Bell Atlantic</u> holds that a "formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)." Williams v. Berkshire Fin. Grp. Inc., 491 F.Supp.2d 320, 324 (E.D.N.Y.2007), quoting, Bell Atlantic Corp., 127 S.Ct. at 1959. However, the court may disregard a plaintiff's "legal conclusions, deductions or opinions couched as factual allegations." See, e.g., In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir.2007) (citation omitted). The court is also not required to credit conclusory statements unsupported by factual allegations. See, e.g., Otor, S.A. v. Credit Lyonnais, S.A., 2006 WL 2613775, at *2 (S.D.N.Y.2006); see also Davey v. Jones, 2007 WL 1378428, at *2 (S.D.N.Y.2007) (citation omitted) ("[B]ald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations, and will not suffice to defeat a motion to dismiss.").

Plaintiff alleges thirteen enumerated causes of action based on the facts outlined above. Several of Plaintiff's claims are dismissed as a matter of law at the outset, as Plaintiff has failed to allege a credible basis in either law or fact to support such claims.

A.   Plaintiff's claims under 42 U.S.C. §§ 1981, 1985 and 1986

The majority of Plaintiff's claims rest in her assertion that she was subject to retaliation for being a whistleblower and that certain employees of the YCSD, the "Circle," sought to have her removed from duty by falsely accusing her and maliciously

prosecuting her for a crime. Defendant argues, and this Court agrees, that Plaintiff's cause of action for malicious prosecution under 42 U.S.C. §1981 should be dismissed with prejudice because she has failed to allege racial discrimination. <u>See</u> <u>Mian v. Donaldson, Lufkin & Jenrette Securities Corp.</u>, 7 F.3d 1085, 1087-8 (2d Cir. 1993)("To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute."). Similarly, Plaintiff's claim for conspiracy under 42 U.S.C. §1985 must also be dismissed because she has failed to allege any racial or class-based animus with respect to her claim for conspiracy. <u>See</u> <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 96-103 (1971); <u>see also</u> <u>Kush v. Rutledge</u>, 460 U.S. 719 (1983).[4]

---

[4]Plaintiff cites <u>Kush</u> for the proposition that an allegation of racial or class-based animus is <u>not</u> required to assert a conspiracy claim under §1985(2), second part. However, Plaintiff has misread the Supreme Court's decision. In <u>Kush</u>, the Supreme Court held that proof of racial or class-based animus is only required under the sections of §1985 that refer to "equal protection of the laws" and which do not relate to the federal government. <u>See Kush</u> 460 U.S. at 722-4. Here, Plaintiff brings her claim for conspiracy under §1985(2), second part, which does not relate to the federal government and which refers to the alleged conspirators intent to deny "equal protection of the laws." Therefore, Plaintiff's contention is without merit, as she must allege racial or class-based animus under this section, and Plaintiff's claim for conspiracy under §1985(2), second part, is dismissed. This court also notes that, to the extent that Plaintiff is alleging class-based animus due to her status as a whistleblower, this is not a constitutionally protected class under §1985 and the "class of one" theory is not valid in the context of public employment. <u>See</u> <u>Engquist v. Oregon Dept. of Agriculture et. al.,</u> 128 S.Ct. 2146, 2147 (2008). While Plaintiff has alleged an Equal Protection claim under the Fourteenth Amendment based on gender discrimination, this claim is not factually related to her conspiracy claim under §1985. Rather,

Therefore, because Plaintiff has not alleged racial or constitutionally protected class-based discrimination with respect to her conspiracy or malicious prosecution claims, her claim under §1985(2)is dismissed and her claim under §1981 is dismissed with prejudice.

Plaintiff's claim under 42 U.S.C. §1985(2) for witness intimidation also fails because the Plaintiff failed to show that two or more people conspired to deter a witness by force, intimidation or threat from attending or testifying in <u>federal court</u>, and that Plaintiff suffered injury. <u>See</u> <u>Chahal v. Paine Webber Inc</u>., 725 F.2d 20, 23 (2d Cir. 1984). The proceedings that underlie Plaintiff's claim consist of a state court criminal proceeding and a state administrative hearing. Because neither of these are federal court proceedings, Plaintiff's claim is dismissed with prejudice. <u>See</u> <u>Herrera v. Scully</u>, 815 F.Supp. 713, 726 (S.D.N.Y., 1993) (citing <u>Redcross v. County of Rensselaer</u>, 511 F.Supp. 364 (N.D.N.Y. 1981)(the witness intimidation provisions in 1985(2) do not apply to actions in state court)).

This Court also rejects Plaintiff's second attempt to allege witness intimidation under §1985(2), by couching that claim under

---

Plaintiff's gender discrimination claim contains allegations that she and other female corrections officers are treated differently than male corrections officers in the areas of promotion and work assignments. She has not alleged that any of the events relating to her harassment, criminal prosecution, or the administrative hearing were related to her claim of gender discrimination. Thus, it cannot be used as a basis to satisfy the element of class-based animus under 42 U.S.C. §1985.

42 U.S.C. §1983. Plaintiff appears to have cited §1983 to establish municipal liability under <u>Monell v. Dept. of Soc. Serv. of City of New York</u>, 436 U.S. 658 (1978). <u>See</u> LaDuca Affidavit at 7-8. However, to state a claim under §1983, Plaintiff must first show that she has been deprived of a federal or constitutional right and identify the specific right that has been abridged. <u>See</u> <u>Albright v. Oliver</u>, 510 U.S. 266, 271 (1994)(citing <u>Graham v. Connor</u>, 490 U.S. 386, 393-4 (1989). Plaintiff's Complaint and her attorney's affidavit in opposition to this motion make it clear that both claims for witness intimidation arise under §1985(2). Because this Court has determined that Plaintiff cannot state a claim for relief for witness intimidation under §1985(2), Plaintiff is not entitled to relief under §1983 for that same claim, and her claim is therefore dismissed with prejudice.

Additionally, Plaintiff's claim for the personal liability of Rugar, Spike and Gleason under 42 U.S.C. §1986 must be dismissed as Plaintiff has not set forth a cause of action under 42 U.S.C. §1985. Plaintiff's complaint states that her §1986 claim is based on the Defendants' "fail[ure] to end the harassment, criminal prosecution, and administrative proceeding against plaintiff, which denied her <u>due process</u>." (emphasis added). However, §1986 is a remedy for violations of §1985, not violations of due process. <u>See</u> <u>Dacey v. Dorsey</u>, 568 F.2d 275 (2d Cir. 1978); 42 U.S.C. §1986. Because Plaintiff has not set forth a credible claim under §1985,

Plaintiff's §1986 claim is dismissed with prejudice.

B.    Conspiracy under 42 U.S.C. §1983

Plaintiff's claim for conspiracy under 42 U.S.C. §1983 also fails to meet the applicable legal standard as she has not alleged an agreement between two or more state actors or between a state actor and a private individual, as required for a §1983 conspiracy claim. See Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999)(stating that the elements of a §1983 conspiracy claim are "(1) an agreement between two or more State actors or between a State actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages"). This Court has previously held that the "intracorporate conspiracy" doctrine bars claims where the alleged conspirators are all employees, officers or agents of the same corporation, such as the County. See Sharp v. Town of Greece, 2010 WL 1816639 (W.D.N.Y. 2010) (citing Perrin v. Canandaigua City School Dist., 2008 WL 5054241, at *2 (W.D.N.Y.2008) (citing Hartline v. Gallo, 2006 WL 2850609, at *9 (E.D.N.Y.2006), aff'd in pert. part, 546 F.3d 95 (2d Cir.2008))). Because Plaintiff has not alleged that any of the conspirators' motives were different than that of the corporation, which could overcome the application of the intracorporate conspiracy doctrine, she has not shown an agreement between two or more state actors or between a state actor and a private individual. See Sharp at *7.

Therefore, Plaintiff's claim for conspiracy under 42 U.S.C. §1983 is dismissed.

C.  <u>Procedural Due Process</u>

Plaintiff claims that she was denied procedural and substantive due process because she was suspended without pay in excess of the statutorily permitted 30 days under CLS §75 and because she was not afforded a hearing on the issue of who was responsible for the delay.  Plaintiff specifically argues that she should have had the right to contest the Hearing Officer, Sheriff Spike and the Personnel Officer's decisions that the delay in the administrative proceeding was caused by the Plaintiff, and therefore she was not entitled to back pay for this period of time. Plaintiff's Complaint states that the reason she asked for a postponement of the hearing was because she was suffering from medical problems.  Additionally, Plaintiff contends that she was denied due process because she raised a "whistleblower" defense at the CSL §75 hearing which was not considered and determined as required by statute.

Defendant contends that Plaintiff's procedural due process rights were adequately protected through the CSL §75 hearing and CSL §76 appeal.  Defendant further contends that Plaintiff could have sought review of the Hearing Officer's decision in an Article 78 proceeding under the New York Civil Practice Law and Rules ("CPLR"), but instead she chose to pursue an administrative appeal

under CSL §76.  Because she has been granted an administrative hearing and appeal, Defendant argues, she has been afforded due process and cannot now seek further review by this Court simply because she is now precluded from having the administrative decision reviewed in an Article 78 proceeding by CSL §76 and CPLR §217.

It is well settled that a due process violation has not occurred where there exists an adequate post-deprivation procedure to remedy a random, arbitrary deprivation of liberty or property. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527 (1981);  Ridgeview Partners, LLC, v.  Entwistle, 354 F.Supp.2d 395 (S.D.N.Y. 2005).  In this case, Plaintiff could have sought a remedy through an Article 78 proceeding brought within four months of the Hearing Officer's decision, but instead she chose to appeal the decision administratively under CSL §76. Plaintiff was represented by counsel and present at the CSL §75 hearing and presented written arguments through counsel to the Personnel Officer at the CSL §76 administrative appeal.  It is clear that Plaintiff's arguments regarding both issues were presented at both the hearing and at the appeal.  Both written decisions address the issue of back pay, and the written decision of the Personnel Officer addresses Plaintiff's whistle blower defense as well as her claim that the Hearing Officer erred by not formally addressing it in her written opinion. Notably, the

Personnel Officer found that Plaintiff was entitled to a portion of the back pay she sought and that her whistle blower defense was without merit, as the allegations of retaliation were too remote in time from the disciplinary action to support the defense. Whether a different fact finder would have come to a different conclusion is irrelevant. This Court finds that a sufficient post-deprivation procedure was available through the administrative hearings and in the form of an Article 78 proceeding. Plaintiff's decision to pursue a CSL §76 appeal, in lieu of an Article 78 proceeding, does not, without more, amount to a violation of Plaintiff's due process rights. See Hellenic American Neighborhood Action Committee v. City of New York, 101 F.3d 877 (2d Cir. 1996)(finding that the failure to bring an Article 78 proceeding where it is available does not amount to a violation of due process)(citing Giglio v. Dunn, 732 F.2d 1133 (2d Cir. 1984)). Additionally, Plaintiff has not plead any facts to support her conclusory argument that the Hearing Officer or the Personnel Officer acted illegally, unconstitutionally or in excess of their jurisdiction or that their decisions were "purely arbitrary" to warrant further review under New York Law. See New York City Dept. Of Envtl. Protection v. New York City Civ. Serv. Comm'n., 78 N.Y.2d 318, 323 (N.Y. 1991). Therefore, Plaintiff's claim for denial of procedural due process is dismissed with prejudice.

D.   Substantive Due Process

Substantive due process protects individuals from encroachments on their liberty by outrageous government actions, "regardless of the fairness of the procedures used to implement them." See Daniels v. Williams, 474 U.S. 327, 331 (1986). The Supreme Court "has always been reluctant to expand the concept of substantive due process because guideposts for responsible decision making in this uncharted area are scarce and open-ended." See Collins v. City of Harker Heights, 503 U.S. 115, 125 (1992). The government actor's actions must be "arbitrary, or conscience-shocking, in a constitutional sense" to state a claim for a violation of substantive due process. Id. at 128. Substantive due process does not provide protection against state actions that are merely "'incorrect or ill-advised.'" See Lowrance v. Achtyl, 20 F.3d 529, 537 (2d Cir.1994) (citation omitted).  The alleged actions of the state actors must be "so egregious, so outrageous, that [they] may fairly be said to shock the contemporary conscience." See Bullock v. Gerould, 338 F.Supp.2d 446 (W.D.N.Y. 2004) (quoting County of Sacramento v. Lewis, 523 U.S. 833 (1998).  Plaintiff's allegations that the Hearing Officer and the Personnel Officer failed to adequately consider the issue of back pay and her whistleblower defense do not rise to the level of "egregious" conduct necessary to trigger an application of substantive due process. While Plaintiff may have obtained a different result had someone else presided over the hearing and

appeal, Plaintiff has not plead facts that would suggest that these decisions were "arbitrary or conscious shocking" to support her substantive due process claim. Therefore, Plaintiff's substantive due process claim is dismissed with prejudice.

E.    New York State Causes of Action

Plaintiff claims that she was subject to malicious prosecution based on the CSL §75 hearing. New York recognizes a cause of action for malicious prosecution based on a civil proceeding, however, as in a malicious prosecution case based on a criminal prosecution, *see infra,* Plaintiff must show that the proceeding was terminated in her favor. See Campion Funeral Home, Inc., v. State, 166 A.D.2d 32 (3rd Dept. 1991), *appeal denied*, 78 N.Y.2d 859 (N.Y. 1991). In Campion the court held that where an administrative hearing ended favorably on some, but not all, of the charges against a plaintiff, a civil malicious prosecution case could not lie, as the plaintiff had not shown that the case ended in his favor. See id. (citing MacLeay v. Arden Hill Hosp., 164 A.D.2d 228 (3rd Dept. 1990); Kenyon v. State, 118 A.D.2d 942 (3rd Dept. 1986). Plaintiff has not alleged that the case was terminated in her favor because she was found to have violated agency policy on three of the six charges filed against her. Accordingly, her claim for malicious prosecution based on the CSL §75 hearing is dismissed with prejudice.

Plaintiff also asserts a cause of action under New York law based on the denial of back pay. Plaintiff, however, has already

had a full and fair opportunity to litigate this claim in state court, which precludes this Court's review. See McKithen v. Brown, 481 F.3d 80 (2d Cir. 2007). As noted above, Plaintiff was present and represented by counsel during the administrative review process and her claims for back pay were considered by both the Hearing Officer and the Personnel Officer. Therefore, her claim for back pay under New York Law is dismissed with prejudice.

Lastly, Plaintiff's claim for breach of contract under New York law is dismissed as she has not set forth facts to establish that a contract existed or that it was breached. Plaintiff claims that Spike and Rugar told her that they would not tell anyone of her complaints, and that they subsequently divulged this information to other employees at the YCSD. This is insufficient to establish that the parties had an oral agreement that could form the basis of a contract. Rather, these facts may be considered supportive of her claim for malicious prosecution, as they may tend to show that Rugar and Spike acted with malice, see infra. Therefore, Plaintiff's claim for breach of contract under New York law is dismissed with prejudice.

F.    Malicious Prosecution under 42 U.S.C. §1983

To state a claim for malicious prosecution under 42 U.S.C. §1983, Plaintiff must show that she has sufficiently alleged the elements of a malicious prosecution claim under New York law, and that there was "a sufficient post-arraignment liberty restraint to

implicate the plaintiff's Fourth Amendment Rights." <u>Rohman v. New York City Transit Authority</u>, 215 F.3d 208, 215 (2d Cir. 2000) (citing <u>Murphy v. Lynn</u>, 118 F.3d 938, 944-46 (2d Cir. 1997). To establish a claim for malicious prosecution under New York Law, a plaintiff must show that the defendant (1) initiated a prosecution against the plaintiff, (2) without probable cause, (3) acted with malice, and that (4) the prosecution terminated in plaintiff's favor. <u>Id.</u>

The Parties do not dispute that Plaintiff has stated a claim with respect to elements (1), (3) and (4) or that she has sufficiently alleged an implication of her Fourth Amendment rights with respect to the criminal prosecution. However, Defendants argue that Plaintiff has not stated a claim for malicious prosecution because a criminal indictment was issued by a Grand Jury in this case, which creates a presumption of probable cause. In New York, an indictment creates a presumption of probable cause that will defeat a claim for malicious prosecution, but such a presumption can be overcome with evidence that the police witnesses gave false or misleading testimony, withheld evidence from a Grand Jury or otherwise acted in bad faith. <u>Chetrick v. Cohen</u>, 52 A.D.3d 449, 450 (2nd Dept. 2008). Defendant argues that Plaintiff has not presented facts to overcome this presumption, however, this Court finds that Plaintiff has presented sufficient facts to withstand a motion to dismiss at the pleading stage.

Plaintiff alleges that Investigators Sortir and Backer, who testified before the Grand Jury, gave false statements with respect to a written statement that Plaintiff refused to sign, withheld an exculpatory electronic recording from the District Attorney and the Grand Jury, and gave false testimony with respect to the required procedure for working overtime hours. She further contends that Defendants knew that she had worked the overtime on her time cards and that she had not impermissibly altered her time cards. She claims that Defendants prosecuted her, not because they had probable cause, but rather because they were seeking to have Plaintiff dismissed from duty at the YCSD in retaliation for her reporting the conduct of other YCSD employees. Plaintiff is not required to prove her claim at this stage, rather she is only required to give Defendants notice, under the liberal pleading standards, of the basis of her claim which entitles her to relief. This Court finds that Plaintiff's allegations are sufficiently plausible to withstand Defendants' motion to dismiss. Therefore, Defendant's motion to dismiss Plaintiff's §1983 claim for malicious prosecution based on the criminal proceeding is denied.

G.   Equal Protection

To state a cause of action under 42 U.S.C. §1983 Plaintiff must plead facts to show that Defendants, acting under color of state law, denied plaintiff her federal statutory or constitutional rights. See Annis v. County of Westchester,36 F.3d 251 (2d Cir.

1994). A cause of action for gender discrimination in violation of the Equal Protection clause exists under §1983 where a public employer or supervisors for a public employer, acting under color of state law, treat similarly situated employees differently because of their gender. See Demoret v. Zegarelli, 451 F.3d 140, 149 (2d Cir 2006)(citing Kern v. City of Rochester, 93 F.3d 38, 43 (2d Cir. 1996)). Ultimately, a disparate treatment claim is evaluated based on a burden shifting framework that requires a plaintiff to first establish, *inter alia*, that she was subject to an adverse employment action under circumstances giving rise to an inference of gender discrimination, which shifts the burden to the defendant to provide a legitimate non-discriminatory reason for the action. (See St. Mary's Honor Center v. Hick, 509 U.S. 502, 506-7 (1993) (applying the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) to employment discrimination cases under §1983); See also, Fitzgerald v. Henderson, 251 F.3d 345 (2d Cir. 2001). Defendants argue that Plaintiff's claim should be dismissed because she has not shown that she was the victim of an adverse employment action. However, the Supreme Court has held that this burden shifting framework is an evidentiary standard that is not applicable at the pleading stage. See Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). Thus, Plaintiff need only plead facts sufficiently plausible to establish that she was treated differently than similarly situated employees because of her gender by a person

21

acting under color of state law.

Plaintiff alleges that Defendants discriminated against female corrections officers, including herself, in the areas of work assignment and promotion. She specifically claims that she was "deprived training, advancement in rank, pay scale, overtime pay, fringe [and other] benefits" because of this policy. See Amended Complaint ¶130. She states that the YCSD had a policy whereby a specific group of male employees, the "Circle," would make decisions about the assignment of work and advancement of female employees, and that female corrections officers, including Plaintiff, were prevented from performing certain jobs, such as driving inmate transport vehicles or serving as, *inter alia*, firearm instructors or dive team members. Defendant argues that Plaintiff has not established that she was the victim of discrimination and that her allegations of discrimination are too general to be considered an "adverse action" under the burden shifting framework. However, this Court finds that Plaintiff has sufficiently pleaded that she was denied work assignments and promotions because of her gender and that this was done by employees of the County acting in their supervisory capacity. As stated above, Plaintiff need not present a prima facie case for disparate treatment at the pleading stage. It is sufficient that she has stated a plausible claim for relief. Therefore, Defendants motion to dismiss Plaintiff's equal protection claim based on gender discrimination is denied.

H.   Qualified Immunity

Plaintiff has also included in the Complaint a claim for the personal liability of Defendants Rugar, Spike and Gleason under 42 U.S.C. §1983.  Defendants argue that any personal capacity claims should be dismissed as the Defendants are entitled to qualified immunity. To establish a claim for personal liability, Plaintiff must allege that a defendant was personally involved in the alleged deprivation of a constitutional right. See Houghton v. Cardone, 295 F. Supp.2d 268 (W.D.N.Y. 2003)(citing Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998).  Here, Plaintiff has alleged that Spike, Rugar and Gleason were all members of the Circle, which sought to deprive Plaintiff of her constitutional rights by maliciously prosecuting her and by discriminating against her on the basis of her gender. It can be inferred from the Complaint that the individual Defendants were personally involved in the decisions made by the Circle with respect to Plaintiff.  Whether Plaintiff can ultimately prove these allegations is irrelevant at the pleading stage.  It is sufficient that she has set forth facts which tend to show that the individual Defendants were personally involved in her alleged constitutional deprivations to give them notice of the basis of her claim.

Qualified immunity protects government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have

known." See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). First, the court must consider whether "the facts alleged show the [official's] conduct violated a constitutional right." See Saucier v. Katz, 533 U.S. 194, 201 (2001); see also Oliveira v. Mayer, 23 F.3d 642, 648 (2d Cir.1994); Kerman v. City of New York, 374 F.3d 93, 108 (2d Cir.2004). If it is "objectively reasonable for the official to believe his conduct did not violate plaintiff's rights," qualified immunity will apply. See Savino v. City of New York, 331 F.3d 63, 72 (2d. Cir. 2003). While not commenting on the strength of Plaintiff's claims for personal liability, because the facts in this case have not been developed, this Court reserves decision on the issue of whether the Defendants are entitled to qualified immunity. Therefore, Defendants' motion to dismiss based on qualified immunity is denied without prejudice.

## CONCLUSION

For the reasons set forth above, I grant in part and deny in part Defendants' motion to dismiss as follows:

(1) Plaintiff's First Cause of Action for Malicious Prosecution under 42 U.S.C. §1983 based on the criminal prosecution remains;

(2) Plaintiff's Second and Third Causes of Action for Malicious Prosecution under 42 U.S.C. §1981 for the criminal prosecution and under New York law for the CSL §75 hearing are dismissed with prejudice.

(3) Plaintiff's Fourth and Fifth Causes of Action for

Conspiracy under 42 U.S.C. §1983 and 42 U.S.C. §1985 are dismissed.

(4) Plaintiff's Sixth Cause of Action for violations of procedural and substantive due process are dismissed with prejudice.

(5) Plaintiff's Seventh Cause of action for the alleged personal liability under 42 U.S.C. §1983 remains and Defendants' motion to dismiss based on Qualified Immunity is denied without prejudice.

(6) Plaintiff's Eighth Cause of Action for the alleged personal liability under 42 U.S.C. §1986 is dismissed with prejudice because Plaintiff failed to state a requisite cause of action under 42 U.S.C. §1985.

(7) Plaintiff's Ninth and Eleventh Causes of Action for Witness Intimidation under 42 U.S.C. §1985(2) and 42 U.S.C. §1983 are dismissed with prejudice.

(8) Plaintiff's Tenth Cause of Action for gender discrimination in violation of the Equal Protection Clause remains.

(9) Plaintiff's Twelfth and Thirteenth Causes of Action for back pay and breach of contract under New York law are dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge


Dated:    Rochester, New York
          November 12, 2010